McMahon *v.* Alexander et al., Appellants.

Argued January 2, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

354

· *John R. Bentley*, Assistant City Solicitor, with him *William Alvah Stewart*, City Solicitor, for appellants.

*Benjamin L. Steinberg*, for appellee.

OPINION BY MR. JUSTICE BARNES, March 25, 1940:

Joseph V. McMahon, the relator, petitioned the court below for the award of a writ of alternative mandamus directed to respondents, the Director of the Department of Public Health and the Civil Service Commission of the City of Pittsburgh. From the record the following facts appear. For more than twenty-three years the relator was employed as inspector in the Bureau of Sanitation in the Department of Public Health. In 1910 he received a permanent appointment to that position as the result of having qualified under the Civil Service Act of May 23, 1907, P. L. 206, by taking a competitive examination. In June 1934, he was offered and accepted a provisional appointment as supervisor of inspectors in the same Bureau.

The position of supervisor is classified as competitive and promotional under the civil service rules, as only those who have qualified as inspectors are eligible for appointment to the office of supervisor. McMahon received his provisional appointment to the higher position on June 25, 1934, and assumed its duties at a substantial increase in salary. On the same day his position as inspector was filled by a provisional appointee, and

later, after a competitive examination, one Walter H. Stifle was appointed permanently thereto.

Relator made several requests for an examination to acquire a permanent status as supervisor, but the Civil Service Commission failed to hold such examination and McMahon continued to serve under his provisional appointment.

On April 3, 1937, following the decision of this court in *McCartney v. Johnston,* 326 Pa. 442, wherein it was held that provisional appointments were mandatorily limited to three months, relator was informed by the Director of his Department that he must be dismissed. However, he was reappointed on the following day to the same position as an "emergency employee," at which time he signed a waiver of all civil service rights to the position. He continued to perform the duties of supervisor until March 11, 1938, when the Director requested his resignation. He refused to resign, and was summarily dismissed on March 15, 1938. Thereupon he instituted the present proceeding to compel his reinstatement to the position of sanitary inspector. He alleged that he had not forfeited or surrendered his rights to his former position, and that his dismissal from the service of the city was contrary to law. After hearing, the court below entered judgment in favor of relator, and directed the respondents to reinstate him to the position of inspector, as of March 15, 1938. Respondents' exceptions were dismissed, and they appealed to this court.

While it is true that relator at no time resigned from the position of inspector, and was not dismissed therefrom in the manner contemplated by the Act of 1907, and according to the rules promulgated by the Commission, we are unable to agree with his contention that he retained his civil service status in the position of inspector from June 25, 1934, to March 15, 1938, while he was occupying the position of supervisor, and performing the duties and receiving the compensation of the higher office. It seems to us that having voluntarily surren-

dered the position of inspector and assumed the provisional status of supervisor of inspectors, which he retained for nearly four years, he cannot now demand reinstatement to his former position, and a displacement of the employee legally appointed to succeed him.

The record discloses that the positions of supervisor and inspector in the Bureau of Sanitation are separate and distinct. There are twenty inspectors and one supervisor employed in this Bureau. When an inspector is promoted his position as inspector becomes vacant, as the court below found, and it must be filled by the appointment of an eligible person. With the appointment of another to the position which relator had vacated, the full complement of inspectors was restored. When he continued to occupy the position of supervisor after the expiration of the provisional appointment period, it was at the peril of sacrificing his civil service rights as inspector. He acted with full knowledge and acquiescence in the appointment of his successor, and cannot now successfully assert that he was employed during the period in question in the dual capacity of supervisor, and supernumerary inspector without active duties.

Therefore we are forced to the conclusion that the dismissal of relator was not in violation of the Act. There can be no question that his appointment as an "emergency employee" on April 4, 1937, after the decision in *McCartney v. Johnston,* supra, and his retention of the position of supervisor until March 15, 1938, were in disregard of that decision, for we held there that under Section 15 of the Civil Service Act, emergency or provisional appointments are for the purpose only of enabling the city (p. 447) : "to cope with emergency situations, often of short duration, requiring the immediate employment of persons by the city in positions classified as competitive." The same section of the act expressly prohibits successive provisional appointments.

It is clear, also, that the relator's rights cannot rise any higher because the Civil Service Commission failed

to perform its duty to hold an examination for the office of supervisor. The Commission was negligent in that it failed to schedule an examination for that position until March, 1936, and then postponed it without thereafter designating another date. Unfortunately this cannot save the situation for relator.

It may be urged that the danger of the loss of a permanent status may deter an ambitious and efficient employee from seeking promotion, which it is the policy of a system of civil service to encourage. But it must be borne in mind that if the Commission properly discharges its functions, and schedules examinations for the higher positions in the competitive class, such as that of supervisor, whereby a list of persons eligible for permanent appointment may be available, then the difficulty encountered in this case will not arise.

It is earnestly contended that unless relator is reinstated to the position of inspector with all the rights he there possessed, it will make possible serious evasions of the civil service laws; that a permanent employee can be deprived of his status by being compelled to accept provisional appointment to a higher position, from which he could be summarily ousted at the expiration of three months. If such a flagrant violation of the law were attempted, it would be effectively dealt with by the courts when the occasion arose. Certainly there has been nothing of such character in the present case. Relator voluntarily accepted promotion to the position of supervisor, and retained it for more than three years in the face of the statutory limitation upon provisional appointments. Had there been any intent here to deprive him of his permanent status by subterfuge, of which there is no suggestion in the record, it is unlikely that his dismissal would have been so long delayed.

The judgment of the court below awarding a writ of peremptory mandamus is reversed, and judgment is here entered for the respondents. Costs to be paid by appellee.