McCartney *v.* Johnston et al., Appellants.

Argued January 18, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harry C. Beschel,* Assistant City Solicitor, with him *Thomas M. Benner,* City Solicitor, for appellants.

*Harry A. Estep,* for appellee.

OPINION BY MR. JUSTICE BARNES, March 29, 1937:

The question presented by this appeal involves the interpretation of Sections 8 and 15 of the Act of May 23, 1907, P. L. 206, regulating civil service in cities of the second class. The case was heard by the court below upon a writ of alternative mandamus and the answer

thereto. The answer admits all the averments of fact contained in the petition, in effect presenting an agreed statement of facts.

It appears that on March 11, 1935, Matthew McCartney, the plaintiff, a registered and qualified plumber, received a *provisional* appointment as a plumber for the City of Pittsburgh, after passing a non-competitive examination and being certified by the Civil Service Commission to the Department of Public Works of Pittsburgh, as provided by Section 15 of the act.[1]

In February 1936, eleven months later, the plaintiff was required to take a civil service examination. He passed this examination with a mark of 74%, which grade, however, did not, under the rules of the commission and the provisions of Section 14 of the act, place him sufficiently high upon the list of eligibles to make possible his appointment as a plumber by the city.[2]

---

[1] Section 15 of the Act of May 23, 1907, P. L. 206, 214, prescribes the method for making provisional appointments as follows:

"First.—Whenever there are urgent reasons for filling a vacancy in any position in the competitive class, and there is no list of persons eligible for appointment after a competitive examination, the appointing officer may nominate a person to the Civil Service Commission for non-competitive examination; and if such nominee shall be certified by the said commission as qualified, after such non-competitive examination, he may be appointed provisionally, to fill such vacancy until a selection and appointment can be made after competitive examination, in the manner prescribed in section fourteen; *but such provisional appointment shall not continue for a longer period than three months,* nor shall successive provisional appointments be made to the same position, under this provision."

[2] Section 14 of the Act of May 23, 1907, P. L. 206, 212, prescribes the method for making a permanent appointment to a position in the competitive class. The section reads in part as follows:

"Every position or employment in the competitive class, unless filled by promotion, transfer, reinstatement, or reduction, shall be filled only in the following manner: The appointing officer shall notify the Civil Service Commission of any vacancy in the service which he desires to fill, and shall request the certification of eligibles. The commission shall forthwith certify, from the appropriate eligible list, the names of the three persons thereon who received

On August 1, 1936, seventeen months after his appointment, plaintiff was notified by letter that he was dismissed. It is conceded that he capably and satisfactorily performed the duties of his position during the time he was employed by the city. It is also conceded that the position of plumber is in a classification regarded as competitive, and that appointments to the position should be made only as provided by Section 14 of the act,—that is, from the list of three persons certified by the commission to the department. This certification the plaintiff admittedly could not receive, because his examination grade was insufficient to warrant it.

The plaintiff relies on Section 8 of the act,[3] which provides that all original appointments to the competitive and non-competitive classes of the service shall first be made for a probationary period of three months. If at the close of this probationary term the appointee is retained in the service, it shall be equivalent to his final appointment.

Plaintiff contends that he was properly appointed, and that as he was not discharged by the appointing officer within the three months' period, his appointment became permanent by that provision of Section 8 of the

---

the highest averages at examinations held under the provisions of this act. The appointing officer shall, thereupon, with sole reference to the relative merit and fitness of the candidates, make an appointment from the three names so certified. . . ."

[3] Section 8 of the Act of May 23, 1907, P. L. 206, 210, prescribes the method of making probationary and final appointments. It reads in part as follows:.

". . . All original appointments to the competitive and non-competitive classes of the service shall be for a probationary period of three months: . . . If at the close of this probationary term, the conduct or capacity of the probationer has not been satisfactory to the appointing officer, the probationer shall be notified, in writing, that he will not receive absolute appointment, whereupon his employment shall cease; otherwise, his retention in the service shall be equivalent to his final appointment."

act which reads: "otherwise, his retention in the service shall be equivalent to his final appointment." On the other hand, the position of the city is that a provisional appointment to a competitive position can never ripen into a permanent appointment from the failure of the appointing officer to discharge the employee within the three months' period, because Section 15 in prescribing the method for the making of provisional appointments explicitly says . . ". . but such provisional appointment shall not continue for a longer period than three months. ."

The court below, after argument upon petition and answer, entered judgment for the plaintiff, and awarded a writ of peremptory mandamus directing plaintiff's reinstatement to his position. The defendants have appealed from this judgment.

The question before us is whether the plaintiff, having received a provisional appointment to a position in the competitive classification of positions, has become a permanent employee in the city's service because of his retention beyond the three months' period.

The fundamental purpose of the Civil Service Acts was to regulate and improve civil service in the cities of the Commonwealth by establishing a system whereby municipal employees would be selected on the basis of their qualifications. To achieve this end, the acts required that all appointments and promotions in the civil service (except for two exempt classes with which we are not here concerned) were to be made according to fitness, ascertained as far as practicable by competitive examinations: *Com. v. Black,* 201 Pa. 433; *Truitt v. Phila.,* 221 Pa. 331. So that purpose may be realized, the statutory provisions regulating appointments call for strict compliance with the terms of the acts.

The position of plumber is in a class conceded to be competitive. An appointment to a competitive position is regulated by Section 14 of the act, which prescribes that the appointment can be made only from a list of

eligibles, consisting of ". . . three persons . . . who received the highest average at examinations . . ." held by the Civil Service Commission. Plaintiff was not appointed in compliance with the requirements of this section of the act. His appointment was an emergency or provisional one made possible under the provisions of Section 15. This Section empowers the city to appoint to a competitive position without a competitive examination, whenever the reasons for the appointment are urgent, and no "list of persons eligible for appointment" is in existence at the time the appointment is made. The purpose of the exception to the general rule requiring competitive examinations is apparent. By it the city is enabled to cope with emergency situations, often of short duration, requiring the immediate employment of persons by the city in positions classified as competitive.

While plaintiff was validly appointed as a provisional appointee under the authority of Section 15, a consideration of the language of this section clearly shows the legislative intendment that no provisional appointment made thereunder can endure "for a longer period than three months." In our opinion this provision of the section is mandatory. Therefore plaintiff was appointed for a period not to exceed three months, so that, within that time, a selection and appointment could be made from eligibles certified as the result of a competitive examination. Plaintiff's position as a city plumber automatically terminated at the expiration of three months from the date of his appointment. If we were to hold otherwise the act would fail of its purpose. In view of the prohibition in Section 15 of the act, plaintiff's rights cannot rise any higher because the Civil Service Commission failed to perform its duty to hold an examination, nor does his name on the city payroll for fourteen additional months strengthen plaintiff's case. He was appointed provisionally and neither negligence nor con-

nivance can cause a provisional appointment to ripen into a permanent one.

The contention of plaintiff that Section 8 controls his status may be briefly dismissed. Provisional and probationary appointments under the act are of an entirely different standing. Provisional appointments are provided so that when there is no list of eligibles temporary appointments can be made to meet emergencies until the Civil Service Commission has sufficient time to prepare, advertise and hold competitive examinations for the position to be filled. The purpose of probationary appointments is to afford an opportunity to observe the fitness of the probationer while at work, and to ascertain whether it is probable that he will become a proper and efficient municipal employee. Save for the fact that both periods of appointment are for three months, provisional and probationary appointments have nothing in common.

There is nothing in the act to indicate that the legislature intended Section 15 to be read in conjunction with Section 8. The two sections are separate and distinct in their entirety and are intended to serve different purposes. The express terms of Section 15 are a denial of plaintiff's right to hold the position he claims, and there is nothing contained in Section 8, or in any other section of the act, that can justify a provisional appointment continuing longer than three months.

The order of the court entering judgment in favor of the plaintiff, and awarding a writ of peremptory mandamus directing the defendants to reinstate plaintiff in the position of plumber in the Department of Public Works of the City of Pittsburgh is reversed, and judgment is entered for defendants. Costs to be paid by appellee.