## Unemployment Compensation Division Employes

RENO, Attorney General, October 31, 1939.—You have requested an opinion as to whether or not you can review qualifications and methods of selection of appointees to the Unemployment Compensation Division because of alleged irregular appointments which were not made in accordance with the Unemployment Compensation Law.

The question involves an analysis of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, section 208(*j*) of which reads as follows:

"(j) The secretary shall make appointments to positions created under this act, and shall fill vacancies as they may occur *from the lists of eligibles certified to him by the board,* except with respect to positions filled by the appointment of persons exempted by subsection (b) of this section. In making appointments therefrom, *the secretary shall select from the three persons ranking highest on the list of eligibles for the grade of employment in the*

*administrative district,* or in the State as a whole, as the case may be, the applicant most suitable for the position in the grade of employment for which a vacancy exists, taking into consideration his experience and personal qualifications with sole reference to merit and fitness for the position to be filled. If, upon inquiry by the secretary, a person on the list of eligibles is found to be not available for employment or cannot be located, his name shall not for the time being be considered among the three names from which a choice is to be made. For the second vacancy, the secretary shall make selection from *the highest three persons* remaining on such list of eligibles who have not been within his reach for three separate vacancies. The third and any additional vacancies shall be filled in like manner." (Italics supplied.)

It also involves consideration of the affiliation agreement between the Department of Labor and Industry and the United States Employment Service for coöperation under the Wagner-Peyser Act of June 6, 1933, 48 Stat. at L. 113, as amended.

You state that certain of the personnel of the Unemployment Compensation Division was not selected in accordance with the provisions of the Unemployment Compensation Law. You further state that the affiliation agreement entered into between the Department of Labor and Industry of the Commonwealth of Pennsylvania and the United States Employment Service for coöperation under the Wagner-Peyser Act, supra, was not followed; that no opportunity was afforded the Executive Director of the State Unemployment Compensation Division, the Associate Director, or their designees to interview, to consider qualifications, or to make recommendations as to the persons best suited for the position from the standpoint of experience and personal qualifications, with sole reference to merit and fitness for the position to be filled.

It would appear necessary to distinguish between these two services: (1) Unemployment Compensation; and (2) Employment Service.

In the administration of the first, the Pennsylvania Unemployment Compensation Law conforms to the Federal standards set by the Social Security Act of August 14, 1935, 49 Stat. at L. 620, titles III and IX, to insure the payment of the Federal grant.

As to the second, the affiliation agreement was entered into by the Secretary of Labor and Industry, the Director of the United States Employment Service, the Executive Director of the Division of Unemployment Compensation and Employment Service (Pennsylvania), and the Director of the Pennsylvania State Employment Service, and provides that the personnel in said service shall be selected and shall hold office in accordance with the merit system established by the State administrative agency.

In Pennsylvania this merit system is prescribed by paragraph 208 of the Unemployment Compensation Law of 1936, and, therefore, employment in both the Unemployment Compensation Division and the Employment Service actually and in reality is governed by the provisions of this paragraph of the Unemployment Compensation Law. Under section 208, the Secretary of Labor and Industry has unqualified power over classifications, qualifications, and selections; as to the last named, provision is made in the act that the secretary must appoint from a list of eligibles and from the highest three on the list. These provisions are not mere formalities but are vital portions of the act. Section 208 provides:

*"No individual shall be appointed or employed by the department for the purpose of administering this act except as provided in this section."* (Italics supplied.)

In McCartney v. Johnston et al., 326 Pa. 442, 446, the court said:

"The fundamental purpose of the Civil Service Acts was to regulate and improve civil service . . . by establishing a system whereby . . . employees would be selected on the basis of their qualifications . . . the statu-

tory provisions regulating appointments call for strict compliance with the terms of the acts."

Pursuant to the Unemployment Compensation Law, regulations for the administration of civil service and personnel in the development of the Unemployment Compensation Division and Employment Service and the Unemployment Compensation Board of Review have been adopted by the Department of Labor and Industry.

If the Secretary of Labor and Industry has any right of review it would be by reason of such noncompliance with the Unemployment Compensation Law as to make appointments illegal. If there was any evidence that appointments had not been made from lists of eligibles certified by the Unemployment Compensation Board of Review, or that appointments had been made from such a certified list but not from the three persons ranking highest on the list of eligibles for the particular grade of employment, or other irregularity or illegality, such as residence requirement (section 208(e)), then it would be incumbent on the secretary to investigate and review such appointments, and if they were found to be illegal and hence invalid, to take appropriate action.

It should be noted that employes in the Unemployment Compensation Division under section 208(p) are entitled to a hearing before the Board of Review, by an appeal made within 10 days after notice of dismissal under the act becomes effective.

If appointments were not made in conformity with the Unemployment Compensation Law, the expenditure of public funds is involved, not to mention the jeopardizing of the Federal subsidy. In addition, if the Commonwealth is expending money on the basis of the most highly qualified personnel and is, on the contrary, paying money to appointees not only not meriting and not fitted for the positions they are filling, but illegally appointed, then, in the interest of sound economy and efficient administration, the secretary has the right and power to take appropriate action.

We are of opinion, and you are therefore advised, that if appointees have been regularly selected according to the civil service provisions of the Unemployment Compensation Law, and such employes have served their probationary period, then the appointees would come under the permanent classified service. If, however, the provisions of the Unemployment Compensation Law have not been adhered to, and appointees have been improperly and illegally selected, in the interest of sound civil service administration, review by you of qualifications and methods of selection, with consequent appropriate action, is essential and necessary.