## Preferential Treatment of War Veterans. No. 3

RUTHERFORD, Deputy Attorney General, September 2, 1942.—This department is in receipt of your communication of July 27, 1942, requesting advice concerning certain problems arising as a result of the Veterans' Preference Act of August 5, 1941, P. L. 872, 51 PS §491.6 et seq. This act provides for and requires preferential appointment for public positions by the Commonwealth and its political subdivisions for honorably discharged persons who served in the military or naval service during any war in which the United States was engaged.

Specifically, you desire advice upon the following questions:

1. Does the Veterans' Preference Act apply to the selection of a personnel director, a position requiring a combination of technical skill and high administrative ability?

2. In the event the Veterans' Preference Act does apply to this selection, if more than one veteran appears in the top three, does the commission have the choice of either, or any of, such veterans?

3. If there is no veteran in the top three but a veteran appears further down an eligible list (not a certified list), must he be selected?

4. In the selection of a provisional employe for any position in the civil service of the Commonwealth where there are no eligibility lists, if there is a veteran or more than one veteran available, must he or they be selected?

An exhaustive historical review of. the subject of statutory preferential treatment of United States war veterans in public employment in the Commonwealth is to be found in Preferential Treatment of War Veterans (No. 2), 38 D. & C. 129, dated February 15, 1940. Although this opinion construes certain aspects and effects of the Acts of June 27, 1939, P. L. 1198, 51 PS §491.1 et seq., and April 12, 1939, P. L. 27, 51 PS §481, the principles therein enunciated are applicable to problems presented under the Veterans' Preference Act of August 5, 1941, supra.

Referring in order to your questions under the aforesaid Veterans' Preference Act of August 5, 1941, supra, a careful review of the act discloses no exceptions to the provisions of the act and, therefore, the preferences in said act would apply to the selection of the personnel director. There is no authority under the law for your commission to exclude any position, although it may require technical skill and high administrative ability. The preference applies only to veterans who have passed the regular examinations and, therefore, the preference could only be accorded to those who have demonstrated through such examinations that they possess the technical skill and high administrative ability required for the important office of personnel director. Statutes preferring veterans who have passed examinations whether the preference is mandatory or discretionary have been declared constitutionally valid. See case of Commonwealth ex rel. v. Schmid, 333 Pa. 568 (1938).

In addition to the provision for 10 points to be added to grade in competitive examinations for all soldiers who successfully pass civil service examinations, section 4 of the Veterans' Preference Act provides for preference as follows:

"Whenever any soldier possesses the requisite qualifications and is eligible to appointment to or promotion in a public position where no such civil service

examination is required, the appointing power in making an appointment or promotion to a public position shall give preference to such soldier.

"Whenever any soldier possesses the requisite qualifications and his name appears on any *eligible* or promotional *list certified* or furnished. as the result of any such civil service examination, the appointing or promoting power in making an appointment or promotion to a public position *shall* give preference to such soldier, *notwithstanding that his name does not stand highest on the eligible or promotional list.*

"In making an appointment or promotion to public office, where such a civil service examination is required, the appointing or promotional power *may* give preference to any soldier who has passed the required examination for appointment or promotion to such position and possesses the requisite qualifications, although his name does not appear on the eligible or promotional list *certified or furnished to the appointing or promoting power.*" (Italics supplied.)

Section 205(*b*) of the Civil Service Act of August 5, 1941, P. L. 752, 71 PS §741.205(*b*), provides for appointment of the personnel director as follows:

"Section 205. Qualifications, Appointment, Compensation and Removal of Director.—

. . . . . . . . . .

"(*b*) Within ninety days after it is appointed, and thereafter within ninety days after a vacancy occurs, the commission shall hold a competitive examination in accordance with the provisions of this act and on the basis of that examination shall establish an employment list of persons found eligible for appointment as director. *The commission shall appoint one of the three highest ranking eligibles as the director.* The commission shall have the same powers and duties with respect to the conduct of the examination, establishment of the employment list and making an appointment therefrom that are vested in or imposed

upon the director under the provisions of this act with respect to other positions in the classified service." (Italics supplied.)

At this point it seems well to observe that veterans' preference acts should be strictly construed. See 10 Am. Jur., Civil Service, §9.

Next, we should note that the second and third paragraphs of section 4 of the Veterans' Preference Act seem to make a distinction between a certified list and an eligible list. In the second paragraph we have a provision relative to eligible lists certified, that is, to certified lists, and here it is provided that if the veteran's name appears on the certified list it is mandatory on the appointing authorities to appoint him even if his name does not stand highest on such list. In the third paragraph, however, we have a provision relative to lists of those who have passed the examination, and here it is provided that if the veteran's name does not appear on the certified list the appointing authority within its discretion may appoint him provided he has passed the required examination.

In construing the above sections of the Veterans' Preference Act and the Civil Service Act together, it is clear that if only one veteran's name appears on the certified list he must be appointed. Under the ruling of Preferential Treatment of War Veterans (No. 2), supra, as long as the soldier on a fair basis possesses the requisite qualifications, that is, is morally and physically fit to be employed, he must be appointed to the position sought even though he does not stand highest on the eligible list certified as a result of the civil service examination. However, if more than one veteran's name appears among the highest three, the appointing authority, the commission, is given discretionary power and has the choice of appointing either or any of such veterans.

Although there is no express provision in the Veterans' Preference Act of August 5, 1941, supra, re-

garding the selection of provisional appointees, the above section 4, par. 1, provides that where no civil service examination is required the appointing power in making an appointment to a public position shall give preference to a soldier. It would appear, therefore, that since the preference is generally provided for the entire service of the Commonwealth it would include the appointment of provisionals, since "no Civil Service examination is required" for them and they are outside the classified service and can never become a part of the classified service until they qualify under the provisions of the Civil Service Act, supra. See McCartney v. Johnston et al., 326 Pa. 442 (1937).

In view of the foregoing, we are of the opinion and you are accordingly advised that:

1. The Veterans' Preference Act of August 5, 1941, P. L. 872, 51 PS §491.6 et seq., applies to the selection of the personnel director for the Civil Service Commission.

2. Under the Veterans' Preference Act, supra, if a veteran's name does not stand highest on a certified list, but his name appears further down on such certified list, he must be selected and appointed. However, if more than one veteran appears among the highest three on the certified list, the commission or appointing authority for the personnel director has the discretionary choice of either or any of such veterans.

3. Under the third paragraph of section 4 of the Veterans' Preference Act, supra, if there is no veteran among the highest three, viz, the certified list, but a veteran's name appears further down on an eligible list, he may, within the discretion of the appointing authority, be appointed.

4. In the selection of provisional employes for any position in the civil service of the Commonwealth, where there are no eligible lists, since no civil service examination is required and such provisional employe is outside the classified service, if there is a veteran

or more than one veteran available possessing requisite qualification, such veterans must be selected and appointed.