DeSarro, Appellant, *v.* Snowdon et al.

Argued March 5, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Ernest D. Preate* and *J. Julius Levy,* for appellant.

· *Jerome I. Myers,* City Solicitor, with him *Alexander S. Gorny,* Assistant City Solicitor, for appellee.s

OPINION BY DITHRICH, J., April 13, 1945:

This is an appeal from an order quashing a writ of alternative mandamus. The controlling issue is not *whether* the relator had the status of a civil service employee as stated in appellant's brief, but *when* he acquired that status.

On February 11, 1944, he was given written notice that his employment as timekeeper in the Department of Public Works of the City of Scranton would "terminate at the end of business February 16, 1944, due to the fact that [his] services [had] been unsatisfactory." He was *originally* appointed to the position of timekeeper November 16, 1943. It is well to keep in mind that his appointment as timekeeper was an *original* appointment and not a *promotional* appointment as contended by appellant.

Appellant further contends that his dismissal was in violation of the provisions of the Act of June 3, 1943, PL 826, 53 PS §10771, entitled: "A supplement to the act, approved the twenty-third day of May, one thousand nine hundred seven (Pamphlet Laws, two hundred six) entitled 'An act to regulate and improve the civil service of the cities of the second class in the Commonwealth of Pennsylvania; making violations of its provisions to be misdemeanors, and providing penalties for violations thereof,' providing for and regulating dismissal of certain employes under civil service in cities of the second class A; and authorizing fines and suspensions of them."

We agree with the learned president judge of the court below "that the facts set forth in the petition for mandamus [do not] give the petitioner the right to trial under the act ...... [of 1943]." Prior to his appointment to the position from which he was dismissed he had been employed as stenographer-clerk in

152

the same department for a period of a little more than five months.

Nowhere in the petition for mandamus or in the writ does it appear that petitioner ever took an examination for the position of stenographer-clerk, a competitive position under the Rules of the Civil Service Commission of Scranton, Issue of 1927. He, therefore, in that position had no higher status than that of a provisional employee: *McCartney v. Johnston et al.,* 326 Pa. 442, 191 A. 121, and that for a period of only three months. Section 15 of the Act of May 23, 1907, P. L. 206, 53 PS §9377, to which the Act of 1943, supra, is a supplement, provides that "such provisional appointment shall not continue for a longer period than three months."[1] In construing Section 15, the Supreme Court in *McCartney v. Johnston,* supra, p. 447, said, "While plaintiff was validly appointed as a provisional appointee under the authority of Section 15, a consideration of the language of this section clearly shows the legislative intendment that no provisional appointment made thereunder can endure 'for a longer period than three months.' In our opinion this provision of the section is mandatory. Therefore plaintiff was appointed for a period not to exceed three months, so that, within that time, a selection and appointment could be made from eligibles certified as the result of a competitive examination. Plaintiff's position as a city plumber automatically terminated at the expiration of three months from the date of his appointment. If we were to hold otherwise the

---

[1] Scranton is still governed by the Act of 1907, supra. The Act of 1927, PL 18, 53 PS 1, set up four classes of cities. Under the said classifications Scranton became a second class A city. Prior to the Act of 1927, Scranton was a second class city. In Section 2 of the said act it was provided "Until otherwise provided by law, cities of the second class A shall continue to be governed, and shall have all the powers, privileges and prerogatives now provided by the laws of the Commonwealth relating to cities of the second class."

act would fail of its purpose. In view of the prohibition in Section 15 of the act, plaintiff's rights cannot rise any higher because the Civil Service Commission failed to perform its duty to hold an examination, nor does his name on the city payroll for fourteen additional months strengthen plaintiff's case. He was appointed *provisionally* and neither negligence nor connivance can cause a provisional appointment to ripen into a permanent one." (Italics supplied)

It was not until DeSarro was appointed to the position of timekeeper after passing a competitive examination as provided by Section 14 of the Act of 1907, supra, 53 PS §9376 that he acquired the status of a probationary employee. Section 14 provides in part as follows: "When an appointment is made under the provisions of this section, it shall be, in the first instance, for the probationary period of three months, as provided in section eight of this act." Section 8, 53 PS §9370 provides in part as follows: "All *original* appointments to the competitive and noncompetitive classes of the service shall be for a probationary period of three months: ...... If at the close of this probationary term, the conduct or capacity of the probationer has not been satisfactory to the appointing officer, the probationer shall be notified, in writing, that he will not receive absolute appointment, whereupon his employment shall cease; otherwise, his retention in the service shall be equivalent to his final appointment." (Italics supplied)

The distinction between provisional and probationary appointment was clearly pointed out by the Supreme Court in *McCartney v. Johnston,* supra. At page 448 the court held: "Provisional and probationary appointments under the act are of an entirely different standing. Provisional appointments are provided so that when there is no list of eligibles temporary appointments can be made to meet emergencies until the Civil Service Commission has sufficient time to prepare, advertise and

hold competitive examinations for the position to be filled. The purpose of probationary appointments is to afford an opportunity to observe the fitness of the probationer while at work, and to ascertain whether it is probable that he will become a proper and efficient municipal employee. Save for the fact that *both periods of appointment are for three months,* provisional and probationary appointments have nothing in common." (Italics supplied)

Since appellant's "rights [could not] rise any higher" than that of a provisional employee, *McCartney v. Johnston,* supra, he could not be *promoted* to a permanent position without serving the required probationary period. His entrance into the service was different from that of the petitioner's in *Arthur v. Pittsburgh et al.,* 330 Pa. 202, 198 A. 637, relied on by appellant. "His [Arthur's] *entrance into the service* and his various promotions *were after his passing civil service examinations."* (Italics supplied) So far as appears from the record, DeSarro's entrance into the service was without "his passing civil service examination."

Having entered the employ of the city as a provisional employee he lost his civil service status after the expiration of three months and did not regain it until he was appointed timekeeper after passing the civil service examination for that position. And since it was an original appointment it could be only for a probationary period of three months at the close of which it could be and was terminated.

While the constitutionality of the Act of 1943, supra, has been discussed at length in appellee's brief we will not pass on the question at this time as "It is a fundamental rule that a court will never pass on the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the cause before it." *Com. to use v. Picard et al.,* 296 Pa. 120, 124, 145 A. 794. No such necessity arises in the instant case.

The order is affirmed.