## Williams v. Clark, Jr., Mayor, et al.

*Nochem S. Winnet*, for *Fox, Rothschild, O'Brien & Frankel*, for plaintiff.

*Abraham L. Freedman*, city solicitor, and *Abraham Wernick*, deputy city solicitor, for defendants.

ALESSANDRONI, J., July 9, 1954.—This is an action in mandamus for an order to compel defendants to

appoint plaintiff as city traffic engineer of the City of Philadelphia. The matter came on for hearing. The judge who tried the case without a jury found for defendants and dismissed the complaint. Plaintiff filed exceptions to the adjudication.

The undisputed facts of this controversy are as follows: On April 11, 1953, plaintiff and two others took the civil service examination for the position of city traffic engineer. On April 17, 1953, the City Council of Philadelphia adopted an ordinance requiring a one-year residence as a qualification for a position with the city. By letter of April 20, 1953, the department of streets requested a waiver of the residence requirement for Stephen E. Butterfield, one of the applicants. No waiver was requested for Williams, plaintiff, who likewise did not at that time meet the residence requirement.

At the time the above waiver was requested for Butterfield the results of the examination had not been made public. On April 27, 1953, the results were announced. Williams received a grade of 100 percent, Butterfield received 82 percent. On the same date the two names were certified by the civil service commission to the department of streets. The certification indicated that Butterfield was a veteran and entitled to preference. As a matter of law he was not entitled to such preference since he was at that time serving in the armed forces of the United States.

The city solicitor ruled that the certification was invalid. On May 19, 1953, a new certification was sent to the department of streets. The appointing authority failed to act despite the mandatory requirement that an appointment be made within 15 days. On June 29, 1953, in violation of the city charter, one Richard J. Overmyer was appointed acting city traffic engineer. Another certification was made on July 27, 1953; But-

terfield was appointed and assumed his duties on July 28, 1953.

The gravamen of plaintiff's complaint is that since the appointing authority failed to appoint within 15 days as required, and since he was the only eligible person then available, this court should issue a writ of mandamus and order plaintiff's appointment to the position of city traffic engineer.

The inherent difficulty with plaintiff's conclusion and prayer for relief is that despite the violations of the charter provisions, the civil service regulations and the spirit of civil service in general, the court cannot grant the relief requested. A careful review of the facts and the inferences deducible therefrom indicates a clear determination that plaintiff would not receive the appointment regardless of his certification. Despite this predetermined attitude clearly violative of the spirit of civil service, we must regretfully acknowledge our inability to grant relief.

Our power in the premises is limited to ordering an exercise of discretion; we cannot control or direct the manner in which such discretion may be exercised; we cannot order the appointment of a specific individual because no one has a vested legal right to civil service appointment. Thus, assuming that we ordered the appointing authority to comply with the appropriate regulations and to act within 15 days, only one man from the eligible list which has been certified to the appointing authority is available. The appointing authority is under no legal duty to appoint that individual, nor could we order his appointment. The exercise of discretion includes the right to reject as well as accept. Analytically, a civil service examination and certification merely carries the right to be considered for appointment and nothing more. Professional qualification or competence as established by examination is not the sole criterion for appointment.

Let us assume that both Williams and Butterfield were certified as eligible, and that both were available. Could Williams have objected if the department of streets had appointed Butterfield? The answer is obviously negative. The appointing authority has a complete power of choice, regardless of relative grades in the examination. Cases supporting such an exercise of discretion are legion. It would appear that the discretion is unbridled; courts cannot undertake to review such decisions regarding every disappointed claimant.

We cannot completely agree with the argument that compelling the appointing authority to select the only name available deprives him of the exercise of discretion, although there are cases that so hold. The foregoing principle has validity only in those cases where there is no statute to the contrary. Thus, it is readily perceivable that the most important factor is the law which controls the power of the appointing authority. In People ex rel. Balcom v. Mosher et al., 163 N. Y. 32, 57 N. E. 88, a statute requiring the appointment of the highest veteran was held to violate the constitution of the State of New York. The constitutional provision conferred the power to exercise discretion. Therefore, the constitutional power to appoint as an exercise of discretion was violated by that statute. The controlling factor was not concerned with the exercise of discretion per se, but as prescribed by the constitutional provision.

To the contrary was the holding in Ballf v. Civil Service Commission, 43 Cal. App. 2d 211, 110 P. 2d 478; there the requirement of the charter of the City of San Francisco requiring certification of the highest name on the list, was upheld as valid.

Many jurisdictions have veterans' preference acts which completely, or in part, limit the discretion of the appointing authority. These acts have been upheld. It is clear therefore that it is not merely the discretion

of the appointing authority that defeats this plaintiff. It is the absence of a controlling provision of the law that empowers this court to order any appointment. We can order an exercise of discretion, but we cannot order the specific exercise in favor of this plaintiff or any other. Any other holding would defeat the discretion which the appointing authority has by law. See McCartney v. Johnston et al., 326 Pa. 442, for a discussion of civil service.

We do not doubt for an instant that Butterfield was to be appointed, and that it was determined in advance. But, the failure to act within 15 days could not give the appointment to plaintiff by default. This is clear from the provision of section 7-401(f) of the Philadelphia Home Rule Charter making the eligible lists valid for one year, but in no event longer than two years. Plaintiff argues against the new certifications and in effect contends that when the appointing authority fails to appoint within 15 days, the whole list must fall. This cannot be correct. New certifications must be possible; plaintiff is still available and retains his position as a member of the eligible list for this position.

If the foregoing is valid, then it should be applicable regardless of the size of the eligible list. The peculiar fact of this case is that there are but two on both the eligible list and the certification. We must deem the failure to appoint as a rejection. We deplore the heavy-handed method used to achieve the result, but we are powerless to question it. In McCartney v. Johnston, supra, the failure of the commission to comply with the law regarding examinations did not confer additional rights in that plaintiff. Our holding here is the same.

We think mandamus is the proper remedy here under all the circumstances. The remedy itself has not failed. Plaintiff's proofs, however, fall short of the establish-

ment of a clear right in him and of a corresponding duty in defendants.

*Order*

And now, to wit, July 9, 1954, plaintiff's exceptions are dismissed. It is further ordered, adjudged and decreed that plaintiff's complaint be dismissed.

Plaintiff is to pay costs.