## Jordan v. Commonwealth

*William W. Lipsitt*, of *Shelly, Reynolds & Lipsitt*, for appellant.

*Robert H. Maurer*, Assistant Deputy Attorney General, *M. Louise Rutherford*, Deputy Attorney General, and *Frank F. Truscott*, Attorney General, for appellee.

KREIDER, J., January 31, 1955.—This is an appeal from an adjudication of the State Civil Service Commission of Pennsylvania. It arises out of the furlough of appellant, Ralph T. Jordan, from the position of senior veterans' employment representative and also at the same time from the position of employment interviewer I in the New Castle office of the Bureau of Employment Security. Notice of the furlough was received by appellant from Frank F. Boal, Deputy Secretary of Labor and Industry. Subsequently appellant appealed to, and was granted a hearing by, the State Civil Service Commission. Based upon the testimony taken at that hearing the commission filed an adjudication upholding the action of the Deputy Secretary of Labor and Industry. Appellant has filed exceptions to that adjudication. Those exceptions are now before this court for review.

Appellant, asserting that his furlough was effected improperly, contends (1) that the legislature in enacting the State Civil Service Act intended that employes within the same job classification shall be furloughed on the basis of their last regular service rating, and in addition, in order of seniority; (2) if the State Civil Service Act is to be construed as requiring the division of service rating into quarters then, when a furlough is effected on the basis of service rating, a geographic area larger than a municipality such as the City of New Castle, must be considered, and (3) that the Director of Civil Service acted in an arbitrary

and discriminatory manner in abolishing the position of veterans' employment representative at the New Castle office of the State Employment Service. Appellee, Commonwealth (State Civil Service Commission), on the other hand, asserts that the furlough was proper and in strict accordance with the provisions of the State Civil Service Act and that the abolition of the position above referred to was neither arbitrary nor discriminatory.

The facts giving rise to this controversy are as follows: Because of the curtailment of administrative funds and the decrease in budgetary allocations by the Federal Government to the Pennsylvania Bureau of Employment Security, a reduction in force was necessitated. Because of the reduction in budgetary allocations, the number of employes was reduced from 3,649 in August 1953 to 3,400 in October 1953.

The Bureau of Employment Security under section 802 of the Civil Service Act of August 5, 1941, P. L. 752, as amended, 71 PS §741.802, initiated the necessary policy throughout the State of furloughing employes on a municipality basis determining through their last regular service rating the quarter in which the employe would fall, and then within the lowest quarter furloughing in the order of seniority. If only one person was in the lowest quarter, under section 802 of the Civil Service Act, as amended, supra, seniority was not considered in determining and selecting the employe to be furloughed.

In the City of New Castle, Lawrence County, Pa., the State Employment Service maintains an office in which prior to September 21, 1953, there were the following employes: Two managers, one veteran representative, one senior interviewer I, five employment interviewers. The City of New Castle is part of district 7, which is composed of six counties with its principal office in Pittsburgh. In district 7 there are

12 veteran employment representatives who had the same classification as appellant, Ralph T. Jordan, many of whom had less seniority and a lower service rating. There are also in district 7 40 senior employment interviewers I.

In the summer of 1953 the State Director of Civil Service recommended that the position of veteran employment representative in the New Castle office of the State Employment Service should be abolished. Appellant, who is a disabled war veteran residing in the City of New Castle, at that time held the position of veterans' employment representative. Prior thereto, appellant had served more than 17 years in the Pennsylvania State Employment Service. In addition thereto, under the Act of May 22, 1945, P. L. 837, 51 PS §§492.1, 492.6a, appellant was entitled to 19 months' seniority by reason of his service in World War I. Appellant had, therefore, approximately 19 years of seniority in the State Civil Service. Appellant also had a service rating which was designated as employment interviewer I in addition to the classification of veterans' employment representative in the New Castle office.

On September 21, 1953, appellant was notified in writing by the Deputy Secretary of Labor and Industry that he was being furloughed from both of these positions because of a budgetary cut, which necessitated a reduction in employes. Appellant was furloughed in accordance with section 802 of the Civil Service Act of August 5, 1941, P. L. 752, as amended, 71 PS §741.802, which provides, inter alia, as follows:

"In case a reduction in force is necessary in the classified service, no employe shall be furloughed while any probationary or provisional employe is employed in the same classification, and no probationary employe shall be furloughed while a provisional employe is employed in the same classification. An employe

shall be furloughed only if at the time he is furloughed he is within the lowest quarter among all employes of the employer in the same classification on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority: provided, That the appointing authority may limit the application of this provision in any particular instance to employes in the same classification with headquarters at a particular municipality, county or administrative district of the Commonwealth."

The appointing authority determined, as stated, that the position of senior veterans' employment representative was to be abolished and, further, one of the positions of employment interviewer I was to be abolished. There was only one senior veterans' employment representative in the New Castle office. This position, which was abolished, was held by appellant. Therefore, with respect to the position of senior veterans' employment representative appellant was properly and legally furloughed.

However, appellant, in addition, had civil service status as an employment interviewer I. Therefore, appellant was entitled upon furlough, as a result of the abolition of the position of senior veterans' employment representative, to be placed in a position as an employment interviewer I. After furlough from the position of senior veterans' employment representative appellant entered the classification of employment interviewer I, making a total of two employes in the same classification in the New Castle office. The appointing authority determined that one position of employment interviewer I was sufficient and ordered a furlough in that classification on a municipality basis.

The rules set forth in section 802 of the Civil Service Act were applied for the purpose of selecting the individual to be furloughed from the classification of

employment interviewer I. The last regular service rating was used to determine the quarter. It is *only* when *more* than one person falls into the lowest quarter that seniority is applicable and pertinent under section 802 of the Civil Service Act, as amended, supra. If there were four persons to be considered for a particular classification on a municipality basis, as provided in section 802 of the act, then there would be one person in each quarter. In such a case, under the act the person in the lowest quarter would be furloughed and there could be no consideration of seniority as there would be no basis for the comparison. A fortiori, if there are two persons in the classification (employment interviewer I), the person with the highest service rating would be in the first and second quarters and the person with the lowest service rating would be in the third and fourth quarters. The person in the third and fourth quarters would be furloughed before the employe in the first and second quarters.

Upon examining the records for the purpose of classifying these two employes, according to their last service rating, it was ascertained that appellant's service rating was 15.0, a mere two tenths of a point lower than the service rating held by the other employment interviewer I.* By reason thereof plaintiff was placed in an unfortunate position. Since there were only two employes involved and appellant's last regular service rating was the lower, appellant was automatically placed in the lowest "quarter" among all the employes in the employment interviewer I classification. The years of seniority he had amassed were now of no avail because there was no one else classified within the lowest quarter from which the furlough had to be

---

* Provision for appeal from service rating is provided under the act but appellant did not persist in the appeal he originally filed.

made. Consequently, seniority did not enter into the determination of the employe to be furloughed. Appellant's liability to be furloughed attached automatically, as stated, under the provision of section 802 of the Civil Service Act, supra. As applied to the facts in this case, appellant's contention that the legislature intended that employes should be furloughed on the basis of their last regular service rating and, *in addition, in order of seniority, is therefore without merit.*

· The case of Detoro v. Pittston et al., 351 Pa. 178, 182 (1945), in discussing the Civil Service Act, supra, concludes as follows:

". . . There must be strict compliance with the terms of the statute. In this connection, we said in McCartney v. Johnston, 326 Pa. 442, 446, 191 A. 121: 'The fundamental purpose of the Civil Service Acts was to regulate and improve civil service in the cities of the Commonwealth . . . So that purpose may be realized, the statutory provisions regulating appointments call for strict compliance with the terms of the acts.'"

The precise language of section 802 indicates seniority shall only be considered among employes who are classified in the lowest quarter of the job classification and thereby subject to furlough. It was not meant to apply to all employes within the same job classification else the provision with respect to the determination of quarters on the basis of last regular service ratings would be meaningless. We cannot supply an intention that is directly in conflict with a specific, succinctly expressed legislative mandate.

We need not labor appellant's second contention that, when a furlough is effected on the basis of last regular service rating, a geographical area larger than a municipality must be considered. Section 802 hereinbefore quoted, expressly provides that discretion is

vested in the appointing authority to determine the geographical area in which the furlough shall be made effective. The director of Civil Service is given a choice of selecting either a *municipality*, a county, or an administrative district of this Commonwealth. Since there is no allegation that the discretion vested in the director was exercised in an arbitrary fashion, we need not discuss the question any further.

Appellant's third contention, however, involves an alleged arbitrary exercise of discretion. Appellant asserts that the action of the Director of Civil Service in abolishing the position of senior veterans' employment representative in the New Castle office constituted an abuse of discretion. Evidence was presented at the hearing before the Civil Service Commission indicating that the veterans' program had fallen off to a degree and that the demands and services related to and predicated upon veteran problems had greatly diminished, although veterans' work was still carried on. The adjudication by the Civil Service Commission states:

". . . The deletion of the position of senior veterans' representative was within the sound administrative discretion of the appointing authority and the evidence does not disclose any abuse of that discretion. . . ."

Courts do not interfere with the action of public officials who are vested with discretionary powers, unless there is a manifest, flagrant abuse of that power. See Mutual Supply Company Appeal, 366 Pa. 424, 428 (1951), which states:

". . . 'Where an official body, in its administrative capacity, has acted upon a matter properly before it, the courts should not reverse, except where there is a manifest and flagrant abuse of discretion': Valicenti's App., 298 Pa. 276, 281; see also Jennings' Appeal, 330 Pa. 154, 157-158, 198 A. 621."

We feel there was no abuse of discretion in the instant case. Although there was some evidence presented contrary thereto, there was sufficient evidence to support the action of the Director of Civil Service in abolishing the position of senior veterans' representative. The testimony does not reveal any flagrant, arbitrary action on the part of the director. Appellant's plight, however, evokes our sympathy. He is a disabled war veteran who apparently possesses a commendable record of State service, especially in the field of veteran placement and employment. The testimony indicates that he was well known and held a position of esteem and respect in the minds of persons with whom he regularly came in contact during the performance of his duties. We think appellant should be given every consideration for reinstatement under the provisions of section 807 of the Civil Service Act, supra, if a position in which he is or might be qualified becomes available. As we have pointed out, however, the furlough was conducted in strict accordance with the law. Consequently, for the reasons stated, the court is constrained to dismiss the appeal.

*Order*

And now, January 31, 1955, the appeal of Ralph T. Jordan is dismissed at the cost of appellant.