## Bonanno, Appellant, *v.* Murray Corporation of America.

Argued November 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward J. Steiner*, with him *E. O. Golden* and *John W. Rohrer*, for appellant.

*W. Davis Graham*, for appellee.

OPINION BY WRIGHT, J., January 21, 1958:

Samuel Bonanno filed a complaint in assumpsit seeking to recover earnings lost because he was discharged by his employer on January 4, 1955, for "an entirely false and fraudulent reason". He also alleged that the employer refused to furnish him with "a discharge slip or discharge letter or any statement in writing so that he would be able to get unemployment compensation", and that the employer "refused to put the grievance procedure in use as the plaintiff was entitled to have done and the defendant was bound to do under its Union contract". The defendant-employer filed preliminary objections in the nature of a demurrer assigning the following reasons: "1. The plaintiff is limited to the remedies provided in the contract. 2. Plaintiff's probationary period had not expired on January 4th". The preliminary objections were eventually sustained by the court below, and judgment entered in favor of the defendant. Bonanno has appealed.

A demurrer admits facts which are properly pleaded for the sole purpose of having their legal sufficiency

determined by the court *Dippel v. Brunozzi,* 365 Pa. 264, 74 A. 2d 112. It does not admit the pleader's conclusions or averments of law: *Gardner v. Allegheny County,* 382 Pa. 88, 114 A. 2d 491. In addition to the averments heretofore detailed, the complaint alleges that appellant commenced work on June 28, 1954; that he joined the Union as required by the collective bargaining agreement, herein referred to as the contract; that he sustained a compensable wrist fracture on August 26, 1954; and that, when he attempted to resume work on January 4, 1955, the personnel manager stated that his (appellant's) lungs were not a good risk, which was a deliberately false and fraudulent misrepresentation. The pertinent provisions of the contract, a copy of which was attached to the complaint, are set forth in the footnote.[1]

---

[1] "II—RECOGNITION . . . (C) A new employee will be required to join the Union thirty (30) days after employment and maintain membership in good standing as above. Union agrees that discharge of an employee within ninety (90) days probationary period will not be subject to grievance precedure . . .

"III—GRIEVANCE PROCEDURE . . . An employee will first present a complaint to his foreman verbally with or without his department committeeman present as he may elect. If the complaint is not disposed of at this stage, it will become a formal grievance and will be processed under the procedure and general rules outlined below . . . Step IV . . . Whenever either party concludes that further Step IV meetings cannot contribute to the settlement of a grievance, the dissatisfied party may . . . appeal the grievance to arbitration as established by Section IV—Arbitration.

"VIII—SENIORITY . . . (A) CONTINUOUS SERVICE . . . (2) Continuous service shall be broken by (a) Quit (b) Discharge for cause (c) Absence due to a layoff or physical disability either of which continues for more than two years . . . (e) Absence due to a layoff or physical disability for employees whose terms of employment with the Company at the time of the layoff are less than two (2) years shall have a break in continuous service when the absence is equal to the length of time they have been employed".

Appellant contends that, since he was employed on June 28, 1954, his ninety-day probationary period ended on September 28, 1954. The court below concluded, however, that the probationary period was suspended during appellant's disability and had not expired on January 4, 1955, wherefore appellant's discharge "could be accomplished for any reason, or no reason at all", and, as expressly provided by contract provision II (C), would not be subject to the grievance procedure. Appellant argues that, under contract provision VIII (A)(2)(c) disability is not a break in continuous service unless it endures for more than two years. The court below was of the opinion that the contract provisions relating to continuous service were not relevant, but that, even if they were, clause VIII (A)(2)-(e) would be controlling. Appellant also argues that, if he were employed under an ordinary agreement between individuals, as opposed to a collective bargaining agreement, he could not be discharged without cause, citing *Bernstein v. Lipper Manufacturing Co.*, 307 Pa. 36, 160 A. 770. However, the cited case is clearly inapposite as it involved an agreement for a definite term. Finally, the court below took the position that an employer is not required by law to "give any dismissal letter which is to be made a part of a claim for unemployment compensation".

The interpretation of the contract here under consideration was a matter of law for the court: *Onofrey v. Wolliver*, 351 Pa. 18, 40 A. 2d 35. And see *Filler Products v. Corriere*, 381 Pa. 394, 113 A. 2d 219. It is of course true that judgment on the pleadings should be entered only in clear cases: *Wood v. Collingdale Borough*, 366 Pa. 624, 79 A. 2d 228; *Adams v. Speckman*, 385 Pa. 308, 122 A. 2d 685; and that a summary judgment is improper where the case is not free from doubt: *Kittanning Coal Co. v. Moore*, 362 Pa. 128, 66

A. 2d 273; *Gardner v. Allegheny County,* supra, 382 Pa. 88, 114 A. 2d 491; *Sun Ray Drug Co. v. Lawler,* 366 Pa. 571, 79 A. 2d 262. In the case at bar, however, we are in entire agreement with the court below that appellant's complaint fails to set forth a cause of action. We have therefore concluded that the preliminary objections were properly sustained.

It should be noted that, even if we would assume arguendo that appellant's probationary period had expired, his alleged wrongful discharge would not in any event be the subject of an assumpsit action. On the contrary, it would constitute a grievance which appellant was bound by the provisions of the contract to submit to arbitration. See *Povey v. The Midvale Co.,* 175 Pa. Superior Ct. 395, 105 A. 2d 172. It was not the obligation of the employer to invoke the grievance procedure.

We prefer, however, to rest our decision, as did the court below, upon the proposition that appellant's probationary period had not expired. The purpose of probationary employment is to afford the employer an opportunity to observe the fitness of the probationer while at work, and to ascertain whether it is possible that he will become an efficient employe: *McCartney v. Johnston,* 326 Pa. 442, 191 A. 121. See also *DeSarro v. Snowdon,* 157 Pa. Superior Ct. 150, 42 A. 2d 89. In the words of President Judge GRAFF: "Clearly the defendant company had no opportunity to observe the fitness of the plaintiff while at work subsequent to August 26, 1954. The plaintiff contends that the probationary period ran regardless of whether he was actually at work or not. We cannot agree with this contention. To follow it to its logical conclusion, a probationary period would be in effect if the plaintiff had been injured the day following his employment, and in such event there would be practically no opportunity to ob-

serve his fitness". The general rule is that interruptions are to be excluded in computing the period of probation. See *Blake v. Lindbloom,* 225 Ill. 555, 80 N.E. 252.

Judgment affirmed.