## Curcio v. Kerwin

*Livengood, Braucher & Stroup,* for plaintiffs.

*Harrington Adams, Jerome Gerber,* Deputy Attorneys General, and *Thomas D. McBride,* Attorney General, for defendants.

SOHN, J., July 1, 1959.—Plaintiffs, Frank P. Curcio and 11 other individuals, have filed a complaint in equity in the Common Pleas Court of Dauphin County against the members of the Liquor Control Board of the Commonwealth of Pennsylvania, Charles C. Smith, Auditor General of the Commonwealth of Pennsylvania, Robert F. Kent, Treasuer of the Commonwealth of Pennsylvania, and Elmer D. Graper, John A. M. McCarthy, Susan H. Baker, members of the Civil Service Commission of the Commonwealth of Pennsylvania, as defendants.

Plaintiffs were employes of the Pennsylvania Liquor Control Board until they were discharged on June 20, 1958. They had entered State employment at various times between 1943 and 1949 and had been continuously employed for periods ranging from 8 to 14½ years. They were appointed to their positions of enforcement officer I either as provisional employes under the Civil Service Act of August 5, 1941, P. L. 752, 71 PS §741.1 et seq., or as war-duration employes under the provisions of the Act of June 4, 1943, P. L. 870, 71 PS §742.1 to §742.4.

The statement of the facts as set forth in plaintiffs' complaint has not at any time been challenged by defendants. It is alleged that each of plaintiffs has taken and successfully passed a civil service examination and that all of them have rendered satisfactory service. Their wages were requisitioned by the Liquor Control Board, and upon approval by the Auditor General, checks were issued by the State Treasurer. Apparently, as a result of these facts plaintiffs were

led to believe and did believe that they had obtained civil service status.

On May 23, 1958, each of plaintiffs received a letter discharging them as of June 20, 1958, for the reason that the Liquor Control Board did not comply with the provisions of the Civil Service Act with respect to plaintiffs' retention on the payroll.

Defendants have filed preliminary objections to the complaint which take the form of a motion to strike on the grounds that: (1) Paragraph 8 of the complaint represents a conclusion of law; (2) paragraph 1 of plaintiffs' prayer for relief seeks an impossible remedy; and (3) and (4) paragraphs 2, 3 and 4 of plaintiffs' prayer for relief ask the court to compel defendants to perform illegal acts. In addition to these motions to strike, the preliminary objections contain a demurrer.

It is the contention of defendants herein that even though we assume the truth of each and every allegation contained in plaintiffs' complaint, no cause of action has been stated. It is likewise claimed that they have failed to show any facts which would require their reinstatement. Also, it is argued that plaintiffs have failed to allege reasons why their dismissals were improper. It is further argued by defendants that the facts plaintiffs have pleaded indicate that each of them occupied only a temporary position, one which was completely lacking in any permanent civil service tenure, and one from which the occupant could have been dismissed at any time. It is further argued that each plaintiff has no complaint for they occupied their respective positions for a far longer period of time than the law allowed.

The complaint alleges that each of plaintiffs was appointed as either a war-duration appointee under the Act of June 4, 1943, P. L. 870, repealed by the Act of June 21, 1947, P. L. 835, sec. 4, or as a provisional

appointee under the provisions of section 604 of the Civil Service Act of August 5, 1941, P. L. 752, art. VI, sec. 604, as amended, 71 PS §741.604.

The Act of 1943, to which we have just referred, relates to war-duration appointments. It was designed to preserve the rights of servicemen and women and to prevent their being placed at a disadvantage because of their absence in the armed forces. The act provided that during the period of hostilities, appointments to positions under the Civil Service Act would not be permanent in nature, but would be war-duration appointments only. These temporary appointments were to last only until appropriate eligible lists could be established after the cessation of hostilities. Section 2 of said act provided that the appointments could continue only until the positions "can be filled from employment and promotional lists established as a result of examinations."

The War-Duration Appointment Act of 1943 was repealed by the Act of June 21, 1947, P. L. 835. Section 3 of this repealing act, added to section 607 of the Civil Service Act, 71 PS §741.607, the following proviso:

". . . All war duration appointments, reclassifications and promotions . . . shall continue as war-duration appointments until appropriate eligible lists have been established."

It appears from the complaint that examinations have been given, but there is no averment in the complaint that lists have not been available from which the positions held by plaintiffs "can be filled", or that certifications have not been made from these lists. We deem this to be an essential element of plaintiffs' cause of action. However, the complaint is silent as to these matters. It is only natural to conclude that either employment or promotional lists were compiled as a result of these examinations; otherwise, there would

have been no reason for the examinations having been given.

In the complaint it is alleged that some of plaintiffs were appointed as provisional employes, but there is no allegation that this status has ever been changed. Section 604 of the Civil Service Act, as amended, 71 PS §741.604 provides:

"Whenever there is great and urgent public need for filling a vacancy in any position in the classified service and the director is unable to certify an eligible for the vacancy, he may authorize the filling of the vacancy by provisional employment. If he does authorize such appointment he shall certify not more than three qualified persons with or without examination and the appointing authority shall appoint one of the persons so certified. *A provisional appointment shall continue only until an appropriate eligible list can be established and certification made therefrom, but in no event for more than ninety days in any twelve-month period,* except that during the first year after the repeal of the act, approved the fourth day of June, one thousand, nine hundred forty-three (Pamphlet Laws 870), provisional appointments may continue until appropriate eligible lists can be established, and a person may serve in the classified service under provisional appointment until appropriate eligible lists can be established, . . . and certification made therefrom. *Successive provisional appointments of the same or different persons shall not be made to the same position. The acceptance of a provisional appointment shall not confer upon the appointee any rights of permanent tenure, transfer, promotion or reinstatement."* (Italics supplied.)

Thus it can be seen from the law which we have just quoted that, except during the year June 21, 1947, to June 20, 1948, to wit, the first year after the repeal of the War-Duration Appointment Act of 1943, no pro-

visional employment could legally last longer than 90 days in any 12-month period and that successive provisional appointments to the same position were prohibited.

Plaintiffs, by holding provisional appointments for years in excess of this statutory maximum, enjoyed for a long period of time results not contemplated by the law. Although it seems that the proper authorities did not comply with this law, that is no reason why they may not now rectify their negligence and comply with the section by discharging plaintiffs. The law clearly states:

"The acceptance of a provisional appointment shall not confer upon the appointee any rights of permanent tenure": 71 PS §741.604.

In paragraph 6 of the complaint plaintiffs aver that at one time or another, each of them has taken and passed at least one civil service examination. However, there is no averment as to the position for which the examination was given. Even assuming that each plaintiff successfully passed an examination for the position of enforcement officer I, the facts alleged do not entitle any of plaintiffs to the relief which they seek. In section 501 of the Civil Service Act it is provided that examinations are prerequisite to appointment to a position on a permanent civil service basis. This, however, is not the only prerequisite. Persons competing in such examinations are to be *rated*. This rating entitles the person examined, if he successfully passes his examination, to a place on an eligible or promotion list: Section 505 of the Civil Service Act. These lists contain the names of successful contestants arranged in the order of final *earned* ratings: Section 506 of the Civil Service Act. (Italics supplied.)

Under the law, to have one's name on the list, however, still falls short of attaining a permanent position under civil service tenure. When a vacancy oc-

curs in a permanent civil service position, the appointing authority must indicate the fact to the executive director of civil service. If the appointing authority intends to fill such position by promoting a civil service employe from a lower grade, he may follow one of the three methods set forth in section 501 of the Civil Service Act. However, in the complaint filed here each plaintiff claims original appointment and not that they held their positions as a result of promotion. Therefore, we need not look to section 501 of the Civil Service Act. If no resort is made to section 501, then the executive director must certify the names of the three eligible persons willing to accept appointment, who are highest on the appropriate promotion or employment list. If there are less than three names on such list, then all the names that are on the list must be certified. If no list is directly applicable to the position, the executive director may certify names from other appropriate lists: Section 601 of the Civil Service Act.

Following the certification of the names of the persons highest on the list, the appointing authority then appoints one of the certified persons to the vacancy: Section 602 of the Civil Service Act. However, this appointment alone does not entitle the successful examinee to be placed upon the civil service lists as a final appointment, for the appointee must serve a probationary period. Upon successful completion of the probation, the employe becomes a classified service employe (Section 603 of the Civil Service Act) and acquires tenure.

We have examined the complaint and find that it contains no allegation that any of plaintiffs were appointed *as a result of an examination and certification,* and no allegation that any of plaintiffs served a probationary period. All of these are prerequisite to civil service tenure which plaintiffs are now endeavoring to acquire.

Plaintiffs have alleged that as the result of various matters, to wit, their long service, their passing of the civil service examinations and the satisfactory performance of their duties, they were led to believe that they had acquired civil service tenure. We can hardly believe that these plaintiffs, having taken and passed an examination, were unmindful of the civil service list, and also the various other provisions of the law which provide what shall be done before they acquire a permanent civil service status. They have argued that there was negligence upon the part of the appointing authorities and the Civil Service Commission in failing to remove them from the positions which they occupied for so long a time. However, it can likewise be argued that they were bound to know the law and that they were negligent in not satisfying themselves as to their permanent status. They argue that what was a wrong should be continued, but we fail to see how two wrongs can make a right.

We believe the decision of the Supreme Court of Pennsylvania in the case of McCartney v. Johnston, 326 Pa. 442, 191 Atl. 121 (1937), is decisive in this matter. The factual situation in the case just quoted is almost identical to the one confronting us in this case. There plaintiff was given a provisional appointment as plumber after a noncompetitive examination and after being certified by the Civil Service Commission to the City of Pittsburgh. The provisional appointment was under section 15 of the Act of May 23, 1907, P. L. 206, 53 PS §23477, which section is substantially the same as section 604 of the present Civil Service Act. Section 15 provided that:

". . . such provisional employment shall not continue for a longer period than three months." 53 PS §23477.

Plaintiff later took a competitive examination, but received no appointment as a result of the examina-

tion. Seventeen months after his appointment, plaintiff was dismissed. It was conceded that he capably and satisfactorily performed the duties of his position; however, plaintiff had not received his appointment from a list of three eligibles certified by the Civil Service Commission to the department. Our Supreme Court, after pointing to the purpose of the Civil Service Act, i.e., securing fit persons for public office as the result of competitive examination, concluded, page 446: ". . . So that purpose may be realized, the statutory provisions regulating appointments call for strict compliance with the terms of the acts." Thus it was held that strict compliance with that act was mandatory.

The Supreme Court went on to state that the provisional appointment feature was designated to enable the city to cope with emergency situations of short duration. It is stated, at pages 447-448:

"While plaintiff was validly appointed as a provisional appointee under the authority of Section 15, a consideration of the language of this section clearly shows the legislative intendment that no provisional appointment made thereunder can endure 'for a longer period than three months.' In our opinion this provision of the section is mandatory. Therefore plaintiff was appointed for a period not to exceed three months, so that, within that time, a selection and appointment could be made from eligibles certified as the result of a competitive examination. Plaintiff's position as a city plumber automatically terminated at the expiration of three months from the date of his appointment. If we were to hold otherwise the act would fail of its purpose. In view of the prohibition in Section 15 of the act, plaintiff's rights cannot rise any higher because the Civil Service Commission failed to perform its duty to hold an examination, nor does his name on the city payroll for fourteen additional months

strengthen plaintiff's case. *He was appointed provisionally and neither negligence nor connivance can cause a provisional appointment to ripen into a permanent one."* (Italics supplied.)

Defendants have filed a motion to strike paragraph 8 of the complaint because it contains quotations from two sections of the Civil Service Act, but does not, however, contain an averment of fact as required by rule 1019(a) and rule 1022 of the Rules of Civil Procedure. These two rules have not been complied with.

We likewise have a motion to strike paragraph 1 of plaintiffs' prayer for relief. This prayer requests the court to enjoin the Liquor Control Board members, its servants, agents and employes from discharging plaintiffs, except for cause as defined in the Civil Service Act. However, since plaintiffs are no longer employed by the Commonwealth, it is obvious that this court cannot enjoin their discharge.

There is also a motion to strike paragraphs 2, 3 and 4 of plaintiffs' prayer for relief for the reason that it would be unlawful for the Civil Service Commission at this time to certify plaintiffs as properly accredited civil service employes. Likewise, it would be illegal for the Auditor General to approve warrants for the payment of plaintiffs' salaries and for the State Treasurer to issue paychecks to employes who are now discharged. The prayer in this instance asks us to order the performance of acts which we consider illegal.

On the basis of our detailed opinion, we can come to no other conclusion except that plaintiffs have failed to state a cause of action, and that their pleadings are not in accord with the Pennsylvania Rules of Civil Procedure. We therefore enter the following

### Decree

And now, July 1, 1959, the bill of complaint filed by plaintiffs is dismissed and judgment is entered in favor of all of the aforenamed defendants.