Mangan *v.* McNair, Mayor, Appellant.

Argued April 9, 1936.  Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN and STERN, JJ.

*Conrad H. Checco,* Assistant City Solicitor, with him *Anne X. Alpern,* First Assistant City Solicitor, for appellant.

*Benjamin L. Steinberg,* for appellee.

OPINION BY MR. JUSTICE LINN, April 30, 1936:

The record shows that this proceeding is premature and for that reason cannot be sustained. The relator was employed as typist in the office of the mayor of Pittsburgh. After service in the competitive class—a classification resulting from the Civil Service Act of May 23, 1907, P. L. 206, 53 PS section 9361 et seq.—since January, 1929, she was dismissed by the mayor, January 19, 1935. In dismissing her, the mayor did not comply with section 20 of the Act—53 PS section 9383. On the contrary, he attempted to justify his conduct by insisting that she was no longer in the competitive class, but, by transfer, had become a member of the exempt class, who could be discharged at will. The relator denied the transfer from one class to the other; insisted that she was still a member of the competitive class, and on that ground, appealed to the Civil Service Commission entrusted by the statute with enforcement of its provisions. The commission took evidence, heard argument and on July 26, 1935, ordered relator's reinstatement. On August 12, 1935, a motion for rehearing was made by or on behalf of the mayor, pursuant to which the commission ordered "that arguments for the purpose of considering whether or not the rehearing should be granted be held on August 14th at two o'clock p. m., all proceedings to stay in the meanwhile."

Instead of complying with the order, the relator on August 14th, filed her petition, the basis of this proceeding, for a writ of mandamus requiring the respondent mayor to restore her "to her position and duties as typist . . .," etc. The mayor filed an amended return to the alternative writ. The relator demurred. The

learned court below, being of opinion that the return was insufficient, sustained the demurrer and awarded the writ. The appeal comes from that order.

The mayor averred that on August 14th the reargument that had been set down for that day was continued, a course, we assume, resulting from the bringing of this suit on that day. The statute, section 6, authorizes the commission to make rules and regulations to carry it into effect; in the absence of any suggestion to the contrary, we assume the proceedings were conducted in accord with such lawful rules and that the order of August 14th was made in good faith pursuant thereto.

We gather from the opinion filed under Rule 58 that the learned court below based its conclusion on the ground that it did not appear exactly when the relator received notice of the order for rehearing, quoted above, "or that respondent ever pressed his petition for a rehearing." While it does not appear on what date relator learned of the order, it is certainly clear that she was advised of it when the mayor's return was filed if she did not know of it before. Her proceeding, instituted before the commission pursuant to the act and for the enforcement of its provisions, was uncompleted. If the commission had declined to rehear the case, the mayor would doubtless have complied with the order of the commission. Section 13 of the Act of 1806, 4 Sm. L. 326, 46 PS section 156, required relator to follow the remedy prescribed by the legislature to remedy her grievance. ". . . where a statute creates a right or liability or imposes a duty, and prescribes a particular remedy for its enforcement, such remedy is exclusive and must be strictly pursued": *Curran v. Delano,* 235 Pa. 478, 483, 84 A. 452; *Bowman v. Gum, Inc., et al.,* 321 Pa. 516. The Act of 1907 provides that "The Civil Service Commission in each city of the second class shall . . . Prescribe, amend and enforce rules and regulations for carrying into effect the provisions of this act." The commission has jurisdiction of her case. After it is dis-

posed of there the courts may give such assistance as the law provides: *Com. v. Phila.*, 273 Pa. 332, 340, 117 A. 180; *Glesenkamp v. Pittsburgh*, 320 Pa. 219, 181 A. 763.

The order appealed from is reversed, costs to be paid by the relator.