## Crawford v. Clairton City et al., Appellants.

Argued December 7, 1938; reargued March 20, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*C. Joseph Recht,* with him *Herman Recht,* for appellants.

*Charles B. Prichard,* for appellee.

OPINION BY MR. JUSTICE LINN, April 10, 1939:

The appellants are the City of Clairton, the Mayor and members of the City Council, and the dispute between them and the plaintiff involves the construction of the Civil Service Acts (Acts of May 31, 1933, P. L. 1108, 53 PS section 8479 et seq., and June 23, 1931, P. L. 932, Art. XLIV, 53 PS section 12198-4401 et seq.). The record shows such failure to comply with important provisions of the statutes[1] as to require a different conclu-

---

[1] "The fundamental purpose of the Civil Service Acts was to regulate and improve civil service in the cities of the Commonwealth by establishing a system whereby municipal employees would be selected on the basis of their qualifications. To achieve this end, the acts required that all appointments and promotions in the civil service . . . were to be made according to fitness, ascertained as far as practicable by competitive examinations: *Com. v. Black,* 201 Pa. 433; *Truitt v. Phila.,* 221 Pa. 331. So that purpose may be realized, the statutory provisions regulating appointments call for strict compliance with the terms of the acts." *McCartney v. Johnston,* 326 Pa. 442, 446, 191 A. 121.

sion from that reached below even though we should agree that plaintiff performed his duties faithfully.

The City of Clairton, February 6, 1934, provided for the creation of a civil service board for the examination of applicants for appointment to the fire department. On March 1, 1934, before the board held the required examination, plaintiff was appointed a fire-truck driver. He was discharged, as of March 21, 1938, by the joint action (though taken on different dates) of the Mayor and the unanimous vote of city council. Instead of appealing to the Civil Service Board for relief[2] he applied for a writ of mandamus to procure reinstatement. The defendants answered and the plaintiff demurred. The writ was granted and this appeal followed. The facts appearing in the petition and amended answer do not support the order.

Plaintiff's petition recognizes that, when appointed on March 1, the appointment was provisional[3] but he contends that it subsequently became permanent in circumstances now to be stated. He avers that in April, 1934, the Board conducted an examination and that he "passed the same, and earned for himself a position upon said list of persons eligible for such appointment," and was appointed, "subject to removal only in accordance with the provisions of the Acts of Assembly regulating Civil Service in cities of the third class. . . ." Two points, then, are to be noted: first, the averment is that he "earned" a place on the list of eligibles and, second, that his appointment rendered him "subject to removal only" in accord with the provisions of the statute.

Dealing with the first averment; section 6 of the Act of May 31, 1933, P. L. 1108, 53 PS section 8480d, limits appointments, requiring that the civil service commission shall certify from the list of eligibles "the three persons thereon who received the highest averages at the

---

[2] *Mangan v. McNair,* 321 Pa. 446, 184 A. 668.

[3] Compare *McCartney v. Johnston,* 326 Pa. 442, 191 A. 121.

last preceding examination . . ." from which the appointment shall be made, with exceptions not now material. It is obvious that plaintiff, as he avers, may have "earned" a place on the list of eligibles and yet may not have been among the "three persons thereon who received the highest averages" from which the selection would be made. His averment, therefore, is insufficient to carry the burden assumed by him. The answer of the defendants contained the following averment: "At no time did the Civil Service Board properly prepare and submit to Council a certified list of eligibles for the position held by Plaintiff; at no time did the Civil Service Board post in a public place, at its Office or elsewhere, a list of eligibles; at no time did the Board certify to Council or to the Director of the Fire Department the names of the three persons on the eligible list who received the highest averages and in all respects the said Board failed to comply with the provisions of the law relating to all actions which said Board purported to take during their alleged incumbency."

Coming to the second of the averments just referred to, that he was subject to removal only in accord with the provisions of the Civil Service Acts, it is to be noted that section 10, 53 PS section 8480h, provides for hearing before the civil service commission and "In the event that the civil service commission shall sustain the action of the removing officer, the person removed shall have an immediate right of appeal to the court of common pleas. . . ." See *Mangan v. McNair*, 321 Pa. 446, 184 A. 668; *Com. ex rel. v. Philadelphia*, 273 Pa. 332, 340, 117 A. 180; *Taskey v. Pittsburgh*, 123 Pa. Superior Ct. 573, 580, 187 A. 292. His failure to avail himself of this method of trial would require that his petition be dismissed, even if it were assumed that he had been properly appointed.

Order reversed, costs to be paid by appellants.