## Healey, Appellant, *v.* Jones et al.

Argued December 14, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*William P. Farrell,* with him *Morris M. Arnovits,* for appellant.

*Joseph V. Phillips,* Assistant City Solicitor, with him *Jerome I. Myers,* City Solicitor, for appellees.

OPINION BY RHODES, J., March 2, 1943:

The controlling issue in this mandamus proceeding is the status of appellant. If he had not acquired a civil service status under the Act of May 23, 1907, P. L. 206, as amended, 53 P.S §9361 et seq., there was no violation of the act in his discharge by the Council of the City of Scranton. The burden was on appellant to establish that he had title de jure to the position of clerk, and this required proof that he had been appointed a clerk in compliance with the Civil Service Act. *Detoro v. Pittston et al.,* 344 Pa. 254, 257, 25 A. 2d 299. We agree with the court below, and the judgment of non-suit will be affirmed.

Appellant presented a petition asking that a writ of alternative mandamus be issued directed to the members of the Civil Service Commission of the City of Scranton "to show cause why they should not restore to the civil service list the name of your petitioner as clerk in the office of the city clerk in and for the council of the said City of Scranton, and to make an order certifying that the said petitioner is entitled to the office of clerk," and to the members of council of the city "to show cause why they should not forthwith reinstate your petitioner as clerk ...... and ...... reimburse him for the loss of his wages from January 23, 1942." An alternative writ was issued commanding defendants to show cause, and, a motion to quash having been overruled, a return to the writ was filed. Appel-

lant's special demurrer was overruled; he then filed a traverse to the return.

At a pretrial conference the court made an order stating that the only issue was whether appellant was duly and properly appointed under the Civil Service Act of May 23, 1907, P. L. 206, as amended, 53 PS §9361 et seq. The order also provided that appellant would make out a prima facie case by showing a resolution by council of his appointment, a certificate setting forth the record of his examination, and that he entered upon his duties. At the conclusion of appellant's case defendants' motion for a compulsory nonsuit was granted. The court below refused to take off the nonsuit, and this appeal followed.

Appellant not only failed on the trial to comply with the order of the pretrial conference court, but his own case also disclosed that elements essential to establish a civil service status were lacking.

Appellant averred in his petition that on January 5, 1938, he took a civil service examination for the position of clerk in accordance with the rules and regulations as prescribed by the Civil Service Act; that he passed the examination with an average of 98 per cent; that he was duly certified by the commission for the position; and that he was thereupon duly appointed to the position by said council. In the return to the petition defendants denied these averments.

While the docket of the Civil Service Commission reveals the following, "Clerk, City Clerk's Office, John J. Healey, 98%, appointed, No. 1," which indicates that appellant may have taken an examination, there was no competent proof of the other averments.

Although he did not testify, the evidence he introduced revealed that a list of eligibles was never posted by the Civil Service Commission as required by section 9 of the Civil Service Act of 1907, 53 PS §9371,[1] and

---

[1] This section of the act reads in part as follows: "The com-

that there was no certification issued by the commission in accordance with section 14 of the act, 53 PS §9376.[2]

The testimony of Peter O'Donnell, a councilman, has no probative value as to the certification of appellant in the manner required by the statute. This witness testified that appellant displayed a certificate from the Civil Service Commission. When or in what manner it was issued the witness did not state. Such certificate, to which the witness refers, was shown after the alleged appointment of appellant in January, 1938. Of an appointment there are no records of council except for the minutes of a council meeting on January 1, 1940, wherein it appears that appellant on motion was "retained and appointed clerk in the office of city clerk for the ensuing term of two years."

No certificate from the Civil Service Commission was entered on the minutes of council, nor was any certificate offered in evidence at the trial. Of course there was no resolution of his appointment in the minutes of council in the absence of any certification by the commission to council.

Proper certification to council by the commission and appointment from that certification, as well as the

mission shall post, in a public place in its office, the eligible lists, containing the names and grades of those who have passed examinations for positions in the competitive class, and shall indicate thereon such appointments as may be made from said lists."

[2] This section of the act requires: "Every position or employment in the competitive class, unless filled by promotion, transfer, reinstatement, or reduction, shall be filled only in the following manner: The appointing officer shall notify the civil service commission of any vacancy in the service which he desires to fill, and shall request the certification of eligibles. The commission shall forthwith certify, from the appropriate eligible list, the names of the three persons thereon who receive the highest averages at examinations held under the provisions of this act. The appointing officer shall, thereupon, with sole reference to the relative merit and fitness of the candidates, make an appointment from the three names so certified. ......"

examination, are essentials under the Civil Service Act of 1907. See *Steiner v. Reading e al.*, 341 Pa. 164, 168, 169, 19 A. 2d 283. Compliance with these statutory requirements is necessary before civil service status is acquired. The evidence which appellant offered did not show a compliance at least with some of the essential requirements to which we have previously referred. See *Crawford v. Clairton City et al.*, 334 Pa. 120, 122, 123, 5 A. 2d 363.

There can be no question as to the legislative intent, and no position in civil service shall be filled except in accordance with the Civil Service Acts. "The fundamental purpose of the Civil Service Acts was to regulate and improve civil service in the cities of the Commonwealth by establishing a system whereby municipal employees would be selected on the basis of their qualifications. ...... So that purpose may be realized, the statutory provisions regulating appointments called for strict compliance with the terms of the acts": *McCartney v. Johnston et al.*, 326 Pa. 442, at page 446, 191 A. 121, at page 123. "Permanency of tenure applies only to those who have appointments in compliance with the law. It is a condition precedent to permanency that the conditions of the article be followed, for otherwise the quality of public service would be impaired rather than promoted": *Detoro v. Pittston et al.*, supra, 344 Pa. 254, at page 260, 25 A. 2d 299, at page 302.

Any employment which in its inception violates these prerequisites is illegal, and council could not endow appellant with permanency of tenure by its own inaction or by the action of a representative of the municipality. As said in *Detoro v. Pittston et al.*, supra, 344 Pa. 254, at page 261, 25 A. 2d 299, at page 303: "An employment which in its inception violates such an act as this is illegal and against public policy and it is the duty of the administrative officers of the state or its civil subdivisions to discontinue any illegal em-

ployment when they note its illegality. The illegality should not go unchallenged. In such a case the defense is not waived by the action of the representatives of the municipality."

Section 8 of the Act of 1907, 53 PS §9370, provides that all original appointments to the competitive and noncompetitive classes of the service shall be for a probationary period of three months, and if the appointee is not notified, in writing, at the close of the term, that he will not receive absolute appointment, his retention in the service shall be equivalent to his final appointment. But appellant's occupancy of the position of clerk could not ripen into a permanent tenure because there was no valid original appointment to which section 8 of the act could attach.

As appellant had a legally protected right to the position only if he acquired the status of civil service, and as we agree with the court below that he did not acquire that status, we are not concerned with any charges previously filed against him, or whether he was "discharged ...... for just cause," under section 20 of the Act, 53 PS §9383.

The judgment of the court below is affirmed.