Opinion by
 

 Hirt, J.
 

 These are appeals by the present Civil Service Commission of Scott Township, a township of the first class in Allegheny County, from orders of the court reinstating police officers who had been dismissed by the township commissioners.
 

 On April 30, 1947, Peter Eodzwicz, appellee in No. 180, was appointed Chief of Police by the commissioners of the township. He, with a patrolman not a party to these proceedings, then comprised the township police force. Shortly thereafter, on May 13, 1947, Joseph Cyprowski, appellee in No. 179, was appointed patrolman, bringing the police force of the township to a total of three members. On the same day the township commissioners appointed its first Civil Service Commission. Thereafter, on December 20, 1947, a
 
 *489
 
 fourth patrolman, Anthony Sztorc, appellee in No. 178, was appointed. There is nothing in the record of any of the cases to support an inference that these were temporary war emergency appointments under the Act of May 21, 1943, P. L. 492, as amended, 53 PS 351.28. Cf.
 
 Kearcher v. Mt. Oliver Borough Council,
 
 363 Pa. 148, 69 A. 2d 394. That Act has no application here.
 

 On February 9, 1948, the township commissioners dismissed the above Civil Service Commission and appointed a new Commission consisting of the present Civil Service Commissioners, the appellants here. And on February 13, 1948, the commissioners of the township summarily discharged all of its policemen including the present appellees. No reason was given for their dismissal and they were denied hearings by the Civil Service Commission. From this action they appealed to the common pleas. The court concluded that they were Civil Service employees of Scott Township, entitled to the protection afforded by the Act of June 5, 1941, P. L. 84 sometimes referred to as the Police Civil Service Act, and on that ground reinstated all three, Avith pay from the date of their dismissal. We think the court erred as to appellees Cyprowski and Rodzwicz in so holding; the orders will be reversed as to them.
 

 Section 1 of the 1941 Act, 53 PS §351.1, provides: “This act shall not apply to any borough, incorporated town or township of the first class having a police force of less than three members. Hereafter each and every appointment to and promotion in the police force in every borough, incorporated town and township of the first class (hereinafter called a municipality) shall be made only according to qualifications and fitness to be ascertained by examinations which shall be competitive as hereinafter provided.” The Act by the specific provision of §28 became effective July 1, 1941. On that
 
 *490
 
 date Scott Township did not have three policemen and the Act then did not apply to it. However, on May 13, 1947, when the police force was enlarged to three members, the township became subject to its provisions. A Civil Service Commission was lawfully created on that date and thereafter “qualifications and fitness ... ascertained by examinations” in accordance with the Act, alone could give Civil Service Status to members of any three-man police force appointed after July 1, 1941. The statutory provisions regulating appointments under Civil Service Acts are mandatory and must be complied with strictly.
 
 McCartney v. Johnston et al.,
 
 326 Pa. 442, 446, 191 A. 121.
 

 It is admitted that neither Cyprowslri nor Rodzwicz took any examination or otherwise qualified for appointment under the provisions of the Act. Section 22, 53 PS §351.22 provides that only such members of the police force as were appointed prior to the effective date of the Act were entitled to continue to hold their positions without taking the examinations contemplated by the Act. The effective date of the Act was July 1, 1941, and not May 13, 1947, when it became applicable in the township on the appointment of the third member of the police force, as the lower court held. The period of its suspended application in the township did not change the effective date of the Act. Both Cyprowski and Rodzwiez were appointed after July 1, 1941; they therefore did not acquire Civil Service status automatically on May 13, 1947, when the police force was increased to three members.
 

 It is the declared “purpose of this act to furnish a complete and exclusive system for the appointment . . . of members of the police force in every . . . township of the first class . . .”: §26, 53 PS 351.26. The Act contemplates the creation of a police force of three or more members in a first class township, exclusively
 
 *491
 
 under the Civil Service provisions of the Act. Since these two appellees did not have Civil Service status, the Act was inapplicable to them and they were subject to summary dismissal by the township commissioners in the exercise of the power that appointed them.
 
 Simasek et al. v. McAdoo Boro, et al.,
 
 352 Pa. 308, 42 A. 2d 600; Cf.
 
 Detoro v. Pittston et al.,
 
 351 Pa. 178, 40 A. 2d 486;
 
 Healey v. Jones et al.,
 
 152 Pa. Superior Ct. 18, 30 A. 2d 732. And they could be reappointed only by qualifying as eligible, after examination under Civil Service as provided by §14 of the 1941 Act, 53 PS 351.14. Accordingly, they have no valid complaint that they were denied a hearing on removal. It is only one who holds his position by appointment or otherwise, in accordance with the Act, who is entitled to a hearing-before the Civil Service Commission on dismissal. Sections 20, 21, 53 PS §§351.20, 351.21.
 

 The township commissioners acted lawfully in dismissing Cyprowski and Rodzwicz, appellants in Nos. 179 and 180, to make way for the creation of a police force under the provisions of the 1941 Police Civil Service Act. And the lower court was without jurisdiction to entertain their appeals under that Act inasmuch as they were not entitled to the protection of its provisions.
 

 The orders in numbers 179 and 180, April Term are reversed.
 

 The order in No. 178, the appeal of Anthony Sztorc, must also be reversed but without operating as a bar, in a proper proceeding, to his reinstatement as of the date of his dismissal. His appeal presents an entirely different factual background. In response to an advertisement of the Civil Service Commission of the township Sztorc applied for the position of patrolman in the township, and in November 1947 he, with one other applicant, took the examination conducted by the Commission as advertised. He passed the examina
 
 *492
 
 tion with a grade of 99, without the aid of an allowance for veteran’s service rating, to which he was entitled under §11, as amended, 53 PS 351.11. The other applicant failed in the examination. The results of the examination were certified by the Civil Service Commission to the township commissioners and Sztorc, having otherwise qualified, was appointed patrolman as of December 20, 1947. He performed the duties of his appointment until dismissed summarily by the township commissioners. No charges Avere preferred against him and his demand for a hearing was refused by the Civil Service Commission. Moreover the record does not support the Commission’s contention that he was dismissed during the probationary period of his appointment under §16 of the Act, 351.16; that section has no application.
 

 The burden Avas on this appellee to prove that he Avas validly appointed in compliance with the Police Civil Service Act, supra.
 
 Healey v. Jones et al.,
 
 supra. In our Anew of the testimony in this case, that burden has been met. True, the Act contemplates an appointment to every position from a list of three persons, certified by the Civil Sendee Commission from an eligible list, “who have received the highest average in the last preceding examination . . .”: 53 PS §351.14. Here, only two persons took the examinations and Sztorc alone was certified. The purpose of the above provision was to give the township commissioners the opportunity to make appointments “with sole reference to the [comparative] merits and fitness of the candidates” by selecting the one best qualified in every respect. This appellee’s rating on his examination was so nearly perfect that he undoubtedly would have been one of the three entitled to certification from any eligible list since he Avas otherwise qualified. He is not responsible for the fact that he alone passed the examinations, and
 
 *493
 
 certainly it was not intended by tbe Act that the township must make an appointment under Civil Service from a list of three persons or not at all, when fewer than three eligible applicants are available.
 

 Since the present record discloses that Sztorc was properly appointed under Civil Service, he could be dismissed only in accordance with §20 of the Act, 53 PS §351.20. If dismissed for cause, he was entitled to receive a statement of the charges against him. And under §21 of the Act, 53 PS §351.21 he was also entitled on demand to a hearing before the Civil Service Commission. These mandatory provisions of the Act were not observed by the commissioners of the township and the Civil Service Commission.
 

 Appellee however is not entitled to an order of reinstatement in this proceeding. He appealed from the refusal of the Commission to grant him a hearing. The Act provides for an appeal by a policeman, but only when the Commission, after hearing, has ordered his suspension, removal or reduction in rank. No right of appeal is provided from the action of the Commission in refusing a hearing. The procedure provided by the Act must be observed. Cf. concurring opinion of Mr. Justice Kepart in
 
 Commonwealth ex rel. v. Phila. et al.,
 
 273 Pa. 332 at 340, 117 A. 180. Sztorc’s immediate remedy is by mandamus to compel the Commission to grant him a hearing. It is only from an adverse order of the Civil Service Commission, after hearing of charges, that appellee will be entitled to an appeal to the common pleas. The remedy prescribed by the Act is exclusive and must be strictly pursued. Cf.
 
 Mangan v. McNair, Mayor,
 
 321 Pa. 446, 184 A. 668;
 
 Crawford v. Clairton City et al.,
 
 334 Pa. 120, 5 A. 2d 363.
 

 The order in No. 178 is reversed but without prejudice to the right of appellee to proceed by mandamus to compel the Commission to comply with the mandatory provisions of the Act.