McGuckin, Appellant, *v.* West Homestead Borough.

Argued September 26, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Henry Kauffman*, with him *Louis Little*, for appellant.

*J. H. Lembersky*, for appellee.

OPINION PER CURIAM, November 13, 1950:

This appeal apparently calls for a re-affirmation of the order made by this Court in *McGuckin v. West Homestead Borough*, 360 Pa. 311, 62 A. 2d 23.

McGuckin was appointed a policeman of the borough and designated by the borough council as Chief of Police; after he had held this office for approximately ten years the borough council abolished the office of Chief of Police and terminated plaintiff's employment both in that capacity and as a policeman. He thereupon instituted a proceeding in mandamus to obtain reinstatement. We held that the borough council had the right to abolish the office of Chief of Police for reasons of economy and to terminate plaintiff's employment in such office but not as a member of the police force itself since that would have violated his seniority rights.

Accordingly we reversed the order of the court below which had directed judgment for defendant, and we remanded the record with a procedendo for the purpose of having it determined whether plaintiff was entitled to recover pay for the time during which he was not allowed to serve as a policeman. In the proceedings that followed in the court below counsel for the borough argued, and the court sustained the contention, that what we had stated regarding the right of plaintiff to reinstatement as a policeman was merely dictum, and that such reinstatement could be effected only by proceedings before the Civil Service Commission, citing *Mangan v. McNair,* 321 Pa. 446, 184 A. 668; *Crawford v. Clairton City,* 334 Pa. 120, 5 A. 2d 363; *Taskey v. Pittsburgh,* 123 Pa. Superior Ct. 573, 187 A. 292. The situation in the present case is not controlled by those authorities. The mandamus proceedings brought by the plaintiff challenged the authority of the borough council to terminate plaintiff's employment in his capacity both as Chief of Police and as a member of the police force; both questions depended entirely upon questions of law, no factual issue being involved, and both were necessarily before the court in the one proceeding. Under the Act of May 20, 1891, P.L. 101, this Court is given power "in all cases to affirm, reverse, amend or modify a judgment, order or decree appealed from, and to enter such judgment, order or decree in the case as the Supreme Court may deem proper and just. . . ." In denying plaintiff's claim to be restored as Chief of Police we accorded him the lesser right of reinstatement as a policeman, to which he was clearly entitled. Under such circumstances the ordinary necessity of such reinstatement being effected through and by the Civil Service Commission did not exist.

Had this Court not intended to order such reinstatement but merely to deny plaintiff's right to restoration

to the office of Chief of Police there would have been no reason for our remanding the record to the court below with a procedendo.

The record is again remanded to the court below with a procedendo to determine the sole question whether and to what extent plaintiff is entitled to recover pay for the time during which he was not allowed to serve in the capacity of policeman.