## Maex v. City of Philadelphia et al.

*Harry R. Back,* for plaintiff.

*Abraham L. Freedman,* city solicitor, and *Richard H. Markowitz,* assistant city solicitor, for defendants.

ALESSANDRONI, J., July 22, 1954.—Plaintiff, a patrolman of the police department of Philadelphia, filed a complaint in equity seeking a decree enjoining defendants from denying plaintiff a permanent rank as street sergeant or captain and an order assigning him to the proper duties of that office. Defendants filed preliminary objections to the complaint in the nature of a demurrer and for a more specific complaint.

For the purposes of the demurrer, all facts well pleaded in the complaint are admitted. Plaintiff was appointed a patrolman in the police force in April 1940, after civil service examination and certification. As of May 3, 1953, plaintiff was assigned to duty as a provisional street sergeant. On July 11, 1953, plaintiff and others took a written competitive examination for both street sergeant and captain of police. Plaintiff was advised that he had failed both examinations and hence could not participate in the further competition that would eventually conclude in the establishment of an eligible list for the two positions.

Plaintiff attacks the entire method of the administration of civil service and the examinations given to the

aspirants for available positions. He specifically attacks the examination as giving, namely, the type of questions, the alleged ignoring of the experience factor and the alleged absence of questions dealing with the daily duties of the office. The essence of plaintiff's complaint would require that the court examine the test given and decide whether or not this court would have given the same one. Quite obviously, reasonable men can, and do, in good faith sharply disagree as to what constitutes a proper test to ascertain the relative abilities of a group of candidates.

If a court permitted itself to be drawn into such a maelstrom, then every disgruntled or disappointed civil service applicant would demand a judicial review of the examination, the questions and manner of grading and the results. The effect would be the replacing of those now delegated by law to administer civil service by the courts. The commission would never be able to establish a system of examinations and appointments until after a judicial review. The result would be chaos and confusion and patently absurd.

Section 7-401 of the city charter empowers the civil service commission and the personnel director to administer civil service under the charter and establish regulations for achieving the policy therein contained. The form, content and procedure rest within the sound discretion of those so authorized by law. Unless it be shown that the foregoing mentioned regulations are arbitrary, capricious or unreasonable, a court should not interfere: Glesenkamp v. City of Pittsburgh et al., 320 Pa. 219. Plaintiff does not base his attack on the regulations which govern the examinations of which he complains; he attacks only the examination itself. If the examination meets the standards and purposes set forth in the regulations, then there is no merit to the attack on the examination.

It would appear that the attack to be effective must be directed to compliance with the regulations. Plaintiff does not aver failure to comply. Plaintiff does complain of the denial of "experience" as a factor. Again, we must point out, that the factors to be considered in determining the ability to do a job and the weight given to it rest in the sound discretion of those charged by law with such responsiblity.

Plaintiff's remedy, if he disagrees with the factors to be considered and the weight thereof, lies in recourse to the legislative arm of Government, not with the courts. We cannot assume a prerogative which is not ours.

Plaintiff cites Quinn v. Streeter, 24 N. Y. S. 2d 916, for the proposition that a court may examine the questions of a civil service examination and determine the accuracy of the answers. There, the court determined that the action of the commission was unjust, arbitrary and unlawful when they referred plaintiff's examination back to the same examiner for regrading. There also, the examiner delegated by the commission failed to set objective standards. However, the gravamen of plaintiff's complaint was that the commission's action in refusing to certify plaintiff, when he had in fact passed the examination, was arbitrary and unlawful. It was necessary to examine the questions to determine whether or not plaintiff had a right to be certified.

In this case, plaintiff does not complain that, if properly graded, his mark in the test would have been passing. In effect what he does say is that he could never pass such an examination and his reason was that it was of an improper type. No one can argue that subjective questions, i.e., essay type questions and answers should not be permitted in civil service examinations.

It would appear that this plaintiff has no more standing to attack the examination given him than does a

law student in attacking the examination given by the State Board of Law Examiners. The only qualification to the above would be a clear showing that those authorized to administer the examinations, designed them specifically to prevent one individual from passing under any circumstances. The latter by definition would be arbitrary and unreasonable.

Plaintiff further argues that the commissioner of police has demoted him to patrolman without cause and in violation of the law. He argues that under section A-104 of the charter he was entitled to take a qualifying examination. However, the section under its plain and unmistakable meaning does not apply to plaintiff. Specifically the provision only applies to those not appointed after civil service test and certification at the time of the adoption of the charter. At that time plaintiff was a duly appointed patrolman; he assumed his duties after civil service examination and certification in 1940. Therefore, since in 1951 he had been appointed after certification, he is without the scope of section A-104.

Additionally, the charter and civil service regulations confer no rights of tenure, etc., on provisional appointees. A provisional appointee serves only until the establishment of an eligible list: McCartney v. Johnston et al., 326 Pa. 442.

Plaintiff also has an administrative remedy for challenging his "demotion". Section 7-201 of the charter provides for such an appeal. Plaintiff must exhaust his remedies: Mangan v. McNair, Mayor, 321 Pa. 446.

Actually, of course, plaintiff was not demoted, he was merely returned to his permanent rank.

### Order

And now, to wit, July 22, 1954, defendants' preliminary objections are sustained and plaintiff's complaint is dismissed.