## Miles v. Borough of Houston

*George B. Stegenga*, for plaintiff.
*Samuel L. Rodgers*, for defendant.

CARSON, P. J., April 1, 1955.—This case is before the court on defendants' preliminary objections to plaintiff's amended complaint in mandamus. On May 4, 1954, plaintiff filed a complaint in mandamus alleging that on or about January 1, 1953, he had been employed as a regular, fulltime police officer for the Borough of Houston, Washington County, Pa., and had served in that capacity until January 11, 1954; that he had been summarily dismissed from the police force without being given a hearing as provided by the Act of 1951; that he had requested a hearing and that his request had been refused. Plaintiff asked the court to command the Council of the Borough of Houston to restore him to the police force with full pay from the time of dismissal, or in the alternative, to command council to give him a statement of charges against him and provide him with a public hearing in accordance with the Act of 1951.

On May 19, 1954, counsel for defendants filed preliminary objections, assigning the following reasons

therefor: (1) The facts alleged in the complaint failed to set forth a legal cause of action; (2) the complaint failed to show that the office of policeman existed in the borough at the time plaintiff was employed; (3) the complaint failed to show that the plaintiff was legally appointed to the office of policeman.

Following argument before the court en banc, this court delivered its opinion sustaining the preliminary objections, with leave to plaintiff to amend. In this opinion, we said:

"If defendant borough passed an ordinance creating the office of policeman, such facts should have been pled. The burden is upon the plaintiff to establish that he had title de jure to the office of policeman. Healey v. Jones, 152 Pa. Superior Ct. 18. . . . It is necessary that plaintiff establish his right to an existing office and aver in his complaint the creation of such office. This, he has admittedly failed to do."

Plaintiff then amended his complaint in mandamus by adding the following paragraph:

"5. That the hiring of the plaintiff in the instant case took place by virtue of the following minutes from the records of the Council of the Borough of Houston:

'September 16, 1952:

Report of Police Committee. Three men interviewed on September 8, 1952. Leslie Miles was recommended for six-ten day trial periods. On motion by Wilson, seconded by Arnold to put Leslie R. Miles on as patrolman on ten day trial periods at rate of $225.00 per month. Carried (page 176).

'December 2, 1952:

On motion by Wilson, seconded by Galbraith, to hire Leslie R. Miles as permanent patrolman at same salary as originally designated. Carried (page 180).' "

The remainder of the allegations of the amended complaint are exactly the same as those of the complaint originally filed. The preliminary objections to

the amended complaint assigned exactly the same reasons contained in the original preliminary objections.

Counsel for plaintiff conceded at oral argument that if the office of borough policeman must first be created by ordinance before council can appoint a person as a policeman within the meaning of the Constitution and the Borough Code, then plaintiff was not so appointed and would not be entitled to the benefits of the Act of 1951. Counsel for both parties agree that no ordinance was passed by the Borough of Houston creating the office of policeman. The sole question for this court to decide is whether the office of "policeman" must first be created by ordinance before council can appoint a person as "policeman".

The controlling legislation is the Borough Code of July 10, 1947, P. L. 1621, as amended by the Act of July 19, 1951, P. L. 1026, 53 PS §12221 et seq. Section 23 of that act (53 PS §12896) provides:

"It shall be the duty of the borough council . . .

"III. To enact, revise, repeal, and amend, such by-laws, rules, regulations, ordinances and resolutions, not inconsistent with the laws of the Commonwealth, as it shall deem beneficial to the borough and to provide for the enforcement of the same. *The legislative powers of boroughs, including capital expenditures not payable out of current funds, shall be exercised by or be based on an ordinance.* All other powers shall be exercised by vote of the majority of council present at a meeting, unless otherwise provided. . . ." (Italics supplied.)

It is clear that the *creation* of the office of policeman is a legislative matter, and consequently must be dealt with by ordinance. To hold otherwise would be to allow borough councils to enlarge the police force at their pleasure, without submission to the burgess for approval. Clearly the legislature did not intend to repose

such extensive power in borough councils without some restraint. The restraining hand here is the executive department of municipal governments, the burgess.

The case of Shady v. Wyoming Borough et al., 78 D. & C. 584 (C. P. Luzerne County) appears to be directly in point with the instant one. In that case the plaintiff was dismissed from his position as chief of police without compliance with the civil service provisions of the Act of June 5, 1941, P. L. 84. Plaintiff contended that since the police force of the borough was composed of three officers, therefore, the members of the force were entitled to the benefits of the Act of 1941 which applied to boroughs having a police force of three or more officers. The issue was whether one of the three policemen had been legally appointed. The court held that the provisions of the Act of 1941 were not applicable since the policeman in question had been illegally appointed, and therefore plaintiff could be dismissed without a hearing. The court said at pages 596, 597:

"In order that plaintiff prevail in this case, he must prove that the appointment of John Yurek on December 18, 1941, was legal.

"He was appointed patrolman, effective immediately, at a salary of $120 per month, although no such position had been created by the proper authorities.

"Such action of council is clearly insufficient. It could not by simply appointing one to a position, create that position, nor could the fixing of the salary validate the appointment: 62 C. J. S. 1093, §569. The council, before it could appoint, should have created the office, fixed the salary, and prescribed the duties and defined the powers: Commonwealth ex rel. Weimer v. Caldwell, 2 D. & C. 195. . . .

"The pertinent Civil Service Act being inapplicable to him, plaintiff was subject to summary dismissal by the borough council in the exercise of the power that

appointed him: Simasek et al. v. McAdoo Borough et al., 352 Pa. 306."

McQuillin in his work on Municipal Corporations, vol. 3, 3rd ed., section 12.104, at pages 383 and 384, says:

"There can be no de facto officer where there is no corresponding office known to the law, or, as it is sometimes expressed, there can be no officer de facto without an office de jure. In fact, it has been said that, under a constitutional government, there can be no such a thing as an office de facto, as distinguished from an officer de facto. . . . One who has been dismissed from an office which does not lawfully exist, in that it was not created by ordinance or other formal action, has no standing to challenge the action . . . dismissing him."

In 62 C. J. S. §569, Municipal Corporations, page 1093, §569, the general rule is stated as follows:

"Where the statute gives the council the right to provide for the employment and appointment of police officers, the council must by appropriate legislation create the offices of policemen and fix their salaries and terms of office, and prescribe their duties and define their powers, and, where so required, a police office must be created by statute or ordinance, and unless so created does not exist. Where the office has not been so created by statute or ordinance, it cannot be established by resolution, . . . or by granting the right to appoint police officers, or by appointment, or by the approval of the appointment of one acting as policeman, or by continuance of such a person in service, or by declaring him an officer of the city, . . ."

It is clear therefore, that, in the first instance, plaintiff's appointment was illegal and void. It follows that he is not entitled to the benefits of the Act of June 15, 1951, P. L. 586, sec. 1 et seq., 53 PS §352.1. See Detoro

v. Pittston et al., 344 Pa. 254, wherein the Supreme Court said at page 261:

". . . An employment which in its inception violates such an act as this is illegal and against public policy and it is the duty of the administrative officers of the state or its civil subdivisions to discontinue any illegal employment when they note its illegality. The illegality should not go unchallenged. In such a case the defense is not waived by the action of the representatives of the municipality."

See also, Healey v. Jones et al., 152 Pa. Superior Ct. 18.

Wherefore, the following

*Order*

And now, April 1, 1955, defendants' preliminary objections to the amended complaint in mandamus are sustained and judgment is hereby entered in favor of defendants and against plaintiff.