## Ragnoli v. Civil Service Commission of Bristol

*John P. Fullam,* for plaintiff,

*I. Louis Rubin* and *Lawrence A. Monroe,* for defendant.

SATTERTHWAITE, J., April 6, 1955.—Appellant was dismissed as a Bristol Township policeman by reason of various written charges preferred against him, only one of which it is necessary to consider here, that of alleged perjury in his original application to the civil service commission for the position in question. He made written answer denying the charges and, pursuant to his request, hearings were held by the civil service commission, which sustained certain of the charges, including that of perjury, and affirmed his removal from the police force. This appeal followed and the record of the hearings before the commission was supplemented by additional testimony taken in this court.

Under the evidence appellant was erroneously found guilty of perjury in his original application for the simple reason that such document not only was never signed by him, but was never sworn to. The application blank bore only one place for signature, that in the affidavit form at the end thereof. Appellant's signature was not affixed thereto. Although a jurat appears thereunder to the effect that the affidavit was "Sworn, or affirmed, and subscribed to before me this 15 day of April, A. D. 1952", and was duly signed and sealed by a notary public, yet the face of the document, coupled with the testimony of the notary, demonstrate that such jurat was incorrect. Appellant's signature was not "subscribed to" the form, either in the notary's presence or at any other time; the notary did not swear or affirm appellant, but, in the former's own words, he merely ". . . asked him if this is the truth, the whole truth, and nothing but the truth", to which appellant replied "Yes". According to the notary, although a Bible was lying close by, no use or reference was made thereto, and it is not pretended that appellant was affirmed. Under the circumstances, no oath or affirmation was administered and appellant therefore cannot

be guilty of perjury. Accordingly, no disposition need be made of appellant's further contention that such false affidavit, having occurred prior to appellant's employment as a policeman, would not constitute a valid ground for discharge under section 644 of the First Class Township Code, as reënacted and codified by the Act of May 27, 1949, P. L. 1955, sec. 20, 53 PS §19092-644.

The very failure of appellant to execute the oath in question, however, precludes his reinstatement as a police officer under these proceedings because he accordingly was never properly qualified under the civil service requirements of the law and hence is not entitled to the protection thereof. He therefore was subject to discharge at the will of the employer, whether or not the remaining charges against him are sustained.

Section 636 of the First Class Township Code in mandatory language requires that:

"Each person desiring to apply for examination *shall* file with the commission a formal application in which the applicant *shall* state *under oath or affirmation*, (a) his full name and residence or post office address, (b) his citizenship, place and date of birth, (c) his condition of health and physical capacity for public service, (d) his business or employment and his residence for the past five years, and (e) such other information as may be required by the commission's rules and regulations showing the applicant's qualifications for the position for which he is being examined." (Italics supplied.)

Since the township commissioners were authorized to appoint policemen only on the basis of qualifications found under the civil service provisions, and also only from the list of eligibles certified thereunder by the

civil service commission after examination (sections 625 and 638 of the code), and since appellant, not having complied with section 636 by making a valid application for examination, was not legally certified as eligible by the commission, it follows that he was not employed as a policeman in accordance with the law. Therefore, the protection of civil service status never covered him and he was subject to discharge even without notice and hearing: McCartney v. Johnston, 326 Pa. 442; Crawford v. Clairton City, 334 Pa. 120; McMahon v. Alexander, 338 Pa. 353; Detoro v. Pittston, 344 Pa. 254 and 351 Pa. 178; Commonwealth ex rel. Donahue v. Shields, 350 Pa. 129; Healey v. Jones, 152 Pa. Superior Ct. 18; Scott Township Civil Service Commission Appeal, 166 Pa. Superior Ct. 486.

It should be added that this case is not being decided on the basis of what may superficially appear to be a specious technicality. The foregoing precedents establish that the civil service provisions of the laws governing the various municipal subdivisions of this State must be strictly complied with before civil service standing is achieved. The very facts of this case demonstrate the wisdom of such rulings. The basis for the alleged charge of perjury was appellant's negative answer to the question in the application form: "Have you ever been complained of, indicted for, or convicted of any violation of law?" In fact, appellant had been brought before the juvenile court of this county on three different occasions on charges of larceny and burglary, was placed on probation twice and committed to a reformatory on the third occasion. While it may well be that this record should not be held against appellant, he having apparently led an exemplary life since his discharge from the correctional institution, nevertheless he certainly was not frank with the civil service commission when he did not disclose this past

history, even though he may not technically have been guilty of perjury in connection therewith.

In fairness to appellant, it should be further pointed out that the other charges filed against him are lacking in substance. The township itself abandoned the charge of conduct unbecoming an officer in the so-called Eugene Gauvreau incident. The civil service commission also indicated that, standing alone, the so-called Everett M. Allen incident would not have been a proper basis for appellant's dismissal, in view of the condonation of such conduct on other occasions in the past by appellant's superiors in office. Although the commission found appellant guilty of conduct unbecoming an officer in his association with Edward Ellison in the charges brought against the latter by Myron J. Ramsey, a matter more fully discussed in the companion case decided herewith of Edward Ellison v. Civil Service Commission of the Township of Bristol, May term, 1953, no. 56, we have found in the latter case that the evidence was insufficient to convict Ellison of misconduct. It would follow accordingly that there was also insufficient evidence to find within appellant guilty of any wrongful conduct in connection therewith.

Inasmuch as the within appeal has been heard and considered by the undersigned only, an opportunity will be given to file exceptions to this decision so that the matter may be heard before the court en banc.

### Order Nisi

And now, April 6, 1955, for the reasons stated in the foregoing opinion, it is ordered that the within appeal be dismissed.

This order shall be filed as an order nisi and shall become the final order of the court unless exceptions be filed hereto within 20 days from this date.