## Whitehall Pharmacal Co. v. Mattison

564

*McNees, Wallace & Nurich*, for plaintiff.

*Thomas D. McBride*, Attorney General, *Elmer T. Bolla*, Deputy Attorney General, and *Joseph L. Cohen*, Deputy Attorney General, for Commonwealth.

NEELY, J., April 15, 1957.—This matter is before us on defendant's preliminary objections to plaintiff's complaint in equity. Plaintiff is a corporation organized under the laws of the State of Illinois with its principal place of business in New York City. Defendant is the Secretary of Health.

The complaint alleges that under the Dangerous Drug Act of December 28, 1955, P. L. 913, defendant promulgated on September 20, 1956, a certain regulation which had the effect of placing "Primatene" in the category of a "dangerous drug", thereby prohibiting this drug under the above act from being sold or dispensed without a prescription.

It is alleged that the drug is safe; that its sale is permitted by the Food and Drug Administration of the United States Department of Health, Education and Welfare without prescription which has preëmpted this particular field; that plaintiff offered evidence of the safety of its product to the Secretary of Health at a conference held in the matter; that if the regulation

in question be valid and "Primatene" is placed in the category of a "dangerous drug", it may be dispensed by prescription only, despite the fact that in so doing the article would be misbranded under Federal law and regulations pertaining thereto. Plaintiff complains that it is engaged in interstate commerce in the sale of this drug which "is sold both to wholesalers and to retailers, in the Commonwealth of Pennsylvania."

Defendant has filed preliminary objections contending that plaintiff's complaint in equity will not lie because there is an available remedy at law under the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1; that plaintiff, because it is not engaged in the retail sale of drugs in Pennsylvania, is not a proper party plaintiff and furthermore it is not registered to do business in Pennsylvania; that there is no right of consultation in plaintiff to discuss defendant's regulation in question which was promulgated by the Secretary of Health within the purview of the Dangerous Drug Act of 1955, and that the complaint is not sufficiently specific.

It is, of course, fundamental that the jurisdiction of a court in equity may not be invoked where the remedy at law is adequate, and under section 13 of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 46 PS §156, when a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the statute can be used.

It has been held that section 13 of the Act of 1806 is applicable to administrative agencies. This principle was recognized in Collegeville Borough v. Philadelphia Suburban Water Company, 377 Pa. 636 (1954), wherein the Supreme Court affirmed the lower court in refusing to take jurisdiction in equity on the ground that an administrative agency had jurisdiction. We quote from page 645 of the court's opinion:

". . . We have repeatedly held that equity is not available where a remedy is provided by statute. . . . 'When a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the statute can be used.' "

See Brass Rail Restaurant Company v. Pennsylvania Labor Relations Board, 375 Pa. 213 (1953), affirming this court, Richards, P. J., 64 Dauph. 282 (1953), where the jurisdiction of the administrative agency had already attached and the court held that equity could not then intervene. See also Crawford v. Clairton City, 334 Pa. 120 (1939); Oteri Appeal, 372 Pa. 557 (1953); Podsobinski v. Pa. Dept. of Revenue, Bureau of Highway Safety, 67 Dauph. 236 (1954), Smith, P. J.; Williams v. Shafer, 63 Dauph. 99 (1952), Smith, P. J. And as to Federal jurisdiction, see Macauley v. Waterman Steamship Corporation, 327 U. S. 540 (1946); Lichter v. United States, 334 U. S. 742 (1948); Myers v. Bethlehem Shipbuilding Corporation, 303 U. S. 41 (1938).

There is no question, then, that under the Act of 1806 equity jurisdiction is ousted where there is a remedy at law. In the Collegeville Borough case, supra, equity jurisdiction was ousted because there was a remedy under the Administrative Agency Law. Section 51 of the 1951 amendment to the Administrative Agency Law of September 28, 1951, P. L. 1561, sec. 7, 71 PS §1710.51, provides that ". . . this act shall apply to the following agencies" and then lists the agencies, within which list the Secretary of Health is not included. However, after the list of agencies included as being subject to the provisions of the Administrative Agency Law, section 51, as amended, contains the following provision as to the inclusion within that act: "and to any other agency which has been made subject to the provisions of this act by any other act of

Assembly." In other words, the Administrative Agency Law, which would include the appeal provisions to this court, would apply to any other agency which has been brought within the provisions of the Administrative Agency Law.

Now, we must consider the amendment to the Administrative Code of May 24, 1956, P. L. (1955) 1692, 71 PS §532, which provides:

"Section 2102. General Health Administration.— The Department of Health shall have the power, and its duty shall be: . . .

"(g) To promulgate its rules and regulations subject to the requirements of the act of June four, one thousand nine hundred forty-five (Pamphlet Laws 1388), known as the 'Administrative Agency Law,' and its amendments."

The essential question, then, is whether or not this language has made the Department of Health subject to the provisions of the Administrative Agency Law. By stating that the department shall promulgate rules subject to the requirements of the law, did the legislature indicate an intention to bring the Department of Health within the Administrative Agency Law in all its provisions? The question may well be asked, if the legislature did not intend to bring the Department of Health within the purview of the Administrative Agency Law, what did it intend? Was it intended to say that in promulgating rules and regulations, the Department of Health would be subject to the requirements of the Administrative Agency Law, but that nevertheless the Administrative Agency Law does not apply to that department?

It is set forth in section 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552, that: "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by

the following presumptions among others: (1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable."

To say that the legislature intended the department to promulgate rules and regulations subject to the requirements of the Administrative Agency Law, but that the department itself was not so subject tends to bring about an absurd and unreasonable result. It would mean that you extract from the Administrative Agency Law the portion pertaining to regulations so as to make it applicable to an agency not subject to the provisions of the Administrative Agency Law. This language in the Act of 1956 must be given a reasonable construction, and it seems to us that the proper construction is that it was intended to bring the Department of Health within the provisions of the Admininstrative Agency Law.

Granting, then, that the Department of Health is within the provisions of the Administrative Agency Law, has this plaintiff any status in this proceeding to complain? Plaintiff is not a party who would be aggrieved under the Administrative Agency Law since the Dangerous Drug Act of 1955 applies only to persons who sell or dispense dangerous drugs at retail.

The Administrative Agency Law would afford plaintiff no remedy. This question is presented then, namely, is there a remedy in equity available to this plaintiff, where it alleges that the drug it manufactures and sells in interstate commerce is safe and claims that the Federal Government has occupied the field by legislation and regulation? In other words, has the manufacturer of a product which is shipped at wholesale into this State in interstate commerce the right to invoke here our equity jurisdiction because it complains that State agencies are affecting the sale of its products by administrative regulations directed at retailers in their intrastate sales?

It is our view that we should not undertake at this stage in the proceeding to dispose of the question as to whether plaintiff has a sufficient interest to sue and the other matters raised in the preliminary objections. We feel that it would be far preferable to have a hearing on the merits rather than to sustain the technical objections of defendant to the sufficiency of plaintiff's pleading. The questions are important and it is far better that the court's ultimate disposition of these matters be based upon a full and complete record. Defendant would have an opportunity to answer on the merits and there can be raised the important factual question as to whether or not "Primatene" is a safe drug, as pleaded by plaintiff.

We think that there is sufficient specificity in the complaint to require defendant to plead and, rather than delay the matter unduly, we are of the opinion that defendant should file a responsive pleading which will enable this court to come to grips with the essential issues. There is nothing to prevent defendant from advancing in his answer any of the contentions which he feels are necessary to make out his defense to this action which would include, for example, his claim that plaintiff had no right to be consulted by the Secretary of Health concerning the promulgation of the regulation in question. We mention this point only because defendant in his oral argument dwelt at some length thereon.

For the foregoing reasons, we feel that the preliminary objections must be overruled, and accordingly therefore we enter the following

### Order

And now, April 15, 1957, the preliminary objections are herewith overruled with leave to defendant to file his answer to the complaint within 20 days hereof.