DELAWARE COUNTY LODGE NO. 27,
FRATERNAL ORDER OF POLICE

v.

TOWNSHIP OF HAVERFORD and John
Walsh and William Murphy.

Appeal of John WALSH and William
Murphy, Appellants.

DELAWARE COUNTY LODGE NO. 27,
FRATERNAL ORDER OF POLICE

v.

TOWNSHIP OF HAVERFORD, and John
Walsh and William Murphy.

Appeal of TOWNSHIP OF
HAVERFORD,
Appellant.

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1994.

Decided Jan. 11, 1995.

Carmen P. Belefonte, for appellants John Walsh and William Murphy.

Paul J. Winterhalter, for appellant Tp. of Haverford.

S. Stanton Miller, Jr., for appellee.

Before COLINS, President Judge, NEWMAN, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

William Murphy, John Walsh and the Township of Haverford (collectively, Appellants) appeal from the order of the Court of Common Pleas of Delaware County that denied Appellants' motion for post-trial relief. We affirm.

On October 15, 1986, the Township's Civil Service Commission (Commission) gave writ-

ten notice pursuant to Section 638 of the First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 55638, of its plan to give an examination to establish an eligibility list for the position of Police Sergeant. The Commission mailed notice to all members of the Township's police department who were eligible to sit for the examination. Officers Murphy and Walsh took the examination. Following the completion of the examination, the Commission prepared a list of eligible candidates setting forth the names and scores of the sixteen candidates, ranked highest to lowest. Murphy ranked highest and Walsh ranked second.

The Commission presented the eligibility list to the Township's Board of Commissioners (Board) at a public meeting held on July 13, 1987. According to the Commission's rules the eligibility list was to be effective only until new examinations were held, but not to exceed two (2) years. A copy of the eligibility list was provided to the Chief of Police and the Township Manager. No promotions were made from the eligibility list and no subsequent examination was given.

On March 5, 1990, the Delaware County Lodge No. 27, Fraternal Order of Police (FOP) notified the Township that the eligibility list had expired and that any promotions made from the list would be invalid. Notwithstanding, the Board proceeded to promote Murphy and Walsh to the rank of Sergeant.

The FOP filed an action in mandamus and petition for peremptory judgment,[1] on July 25, 1992. The trial court declared the eligibility list invalid from which Murphy and Walsh were promoted, rescinding the promotions and returning the officers to their former rank as patrolmen. The trial court denied Appellants' post-trial motions and Appellants now appeal to this Court.

■ The main thrust of Appellants' argument is that the list of eligible candidates was not "certified" on July 13, 1987. Appellants claim that the list was not "certified"

---

1. FOP later filed an amended complaint naming Murphy and Walsh as Defendants as necessitated by our decision in *Jefferson County Assistance*

until an April 25, 1988 Board meeting, when the list was discussed in the minutes, and therefore, the appointments of Murphy and Walsh on March 5, 1990, were valid appointments as they were within the two-year time period in which the list was effective. Appellants contend that proper "certification" of the list by the Commission to the Board is an essential prerequisite to a valid appointment and that under *Healey v. Jones,* 152 Pa. Superior Ct. 18, 30 A.2d 732 (1943), certification of the eligibility list must be submitted to the Board, i.e., presented as evidence in the minutes of the Board meeting, to indicate that "certification" took place. However, the trial court found that the list had been "certified" on July 13, 1987, based on the evidence presented. We hold this finding is supported by the evidence.

The Commission presented the list of eligible candidates for promotion to the Board, at a public meeting held on July 13, 1987. (144a.) The list was given to the Chief of Police and the Township Manager as well. (146a.) The Chief of Police issued notice that the list was available for review in his office. (51a–54a.)

■ The First Class Township Code does not define "certification." Thus, where terms used in an ordinance or regulation are undefined, they must be given their common and approved usage. *Spahr–Adler Group v. Zoning Board of Adjustment of the City of Pittsburgh,* 135 Pa.Commonwealth Ct. 561, 581 A.2d 1002 (1990). Section 405D of the Commission's regulations provides that after completion of examination procedures and scoring, "[t]he Commission shall *thereupon certify* to the Board for promotion from the eligible list. . . ." (Emphasis added.) (139a–140a.) *Black's Law Dictionary,* 5th Ed.1979, defines "certify" as "to attest authoritatively; to present in formal communication; to attest as being true or as represented or as meeting a standard." "Thereupon" has been defined as "without delay or a lapse of time." *Id.* When these common meanings are applied to the Commission's regulation, it becomes clear that upon completion of the ex-

---

*Office, Department of Public Welfare v. Wolfe,* 136 Pa.Commonwealth Ct. 115, 582 A.2d 425 (1990).

amination procedures, the Commission must, without delay, present to the Board a list of eligible officers who have successfully completed the examination procedures and are qualified for promotion to higher rank by the Board.

 Because the fundamental purpose of the civil service system is to regulate and improve public employment by establishing a procedure whereby municipal employees are selected or promoted on the basis of their qualifications, *McCartney v. Johnston,* 326 Pa. 442, 191 A. 121 (1937), it is fundamental that an appointment will be considered valid only if there has been strict compliance with the terms of the civil service laws. *Snizaski v. Zaleski,* 410 Pa. 548, 189 A.2d 284 (1963); *Manning v. Civil Service Commission of the Borough of Millbourne,* 387 Pa. 176, 127 A.2d 599 (1957). Any municipal employment which does not comport with the precise terms of the applicable civil service provisions is illegal and against public policy. *Healey.*

Neither the Commission's regulations, nor the First Class Township Code express any language which remotely suggests that the Board possesses the authority to determine when it will accept an eligibility list from the Commission. By requesting the Commission to conduct an examination, the Board presupposes that the Commission will certify the list of eligible candidates after the examination procedure has been completed and scores recorded. It is the duty of the Commission to make the certification and it is that act that triggers the commencement of the two-year list validity.

The Commission's regulations, by providing that an eligibility list is valid for no more than two years, insures that the candidates have been recently tested and fulfill the eligibility requirements. The time limit and retesting provision allows new officers an opportunity to be tested, and to be placed upon an eligible list or to improve their skills and thus be ranked higher on a future list. If the Board were to have the discretion it claims, the list could be held for an indefinite amount of time. Because the passage of time may affect an officer's mental and physical prowess, the time limit and requirement of regu-

lar testing insures that those on the list are truly eligible to fulfill the duties of a higher rank. The powers to be possessed the list from July 13, 1987, and therefore, it was "certified" and available to be used for promotions from that date through the next two years.

Therefore, we hold that the trial court correctly concluded that because the two-year validity period of the eligibility list had expired prior to the promotions of Murphy and Walsh, the promotions were "null and void."

Accordingly, we affirm.

NEWMAN, J., dissents.

### *ORDER*

AND NOW, this 11th day of January, 1995, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.